```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                     WICHITA FALLS DIVISION
```

VICTORIA KLEIN, et al.,           §
                                  §
            Plaintiffs,           §
                                  § Civil Action No. 7:03-CV-102-D
VS.                               §
                                  §
O'NEAL, INC., d/b/a O'NEAL,       §
JONES & FELDMAN                   §
PHARMACEUTICALS, et al.,          §
                                  §
            Defendants.           §

## MEMORANDUM OPINION AND ORDER

Plaintiffs Victoria Klein and Ashley Swadley, the class representatives in class action certified under Fed. R. Civ. P. 23(b)(3) arising out of the manufacture and distribution of E-Ferol Aqueous Solution, a pharmaceutical product administered intravenously to premature infants, move to compel the production of the identity of potential class members from the records of two hospitals located in Louisville, Kentucky that are owned and/or operated by nonparty Norton Healthcare, Inc. ("Norton"). Plaintiffs also move the court to hold five other nonparty, out-of-state hospitals in civil contempt and to impose sanctions on them for failing to comply with a May 11, 2004 order of this court (Buchmeyer, J.) by refusing to disclose records that reflect the identities of potential class members.[1]  Following a telephonic

---

[1] Plaintiffs filed on May 8, 2006 an unopposed motion to dismiss two nonparty hospitals—Walter Reed Army Medical Center, Washington, D.C. and Tucson Medical Center, Tucson, Arizona—as respondents to the motion for contempt and sanctions.  By order

hearing, and for the reasons that follow,[2] the court concludes that it lacks personal jurisdiction over the nonparties and denies both motions.

Norton, which operates two hospitals located in Louisville, Kentucky, Variety Children's Hospital d/b/a Miami Children's Hospital ("MCH"), located in Miami, Florida, Piedmont Hospital, Inc., located in Atlanta, Georgia, and The Brooklyn Hospital Center ("BHC"), located in Brooklyn, New York, oppose plaintiffs' motions on the ground that the court lacks personal jurisdiction over them.[3] They do not dispute that subpoenas could be issued from a United States District Court that does have jurisdiction, and, for

---

filed today, the court has dismissed the contempt motion as to these two hospitals.

[2]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

[3]BHC responded by letter to plaintiffs' motion for contempt and sanctions. The court filed on April 10, 2006 an order that directed BHC to comply with the local civil rules by filing a response and brief and causing its counsel to move for leave to appear *pro hac vice*. BHC did not comply with the order. Because the court concludes that it lacks personal jurisdiction over the nonparties who properly responded to the motions, the same reasoning applies to BHC. *See McGuire v. Sigma Coatings*, 48 F.3d 902, 907 (5th Cir. 1995) ("A judgment rendered in the absence of personal jurisdiction is void and must be set aside."). Accordingly, the court denies plaintiffs' motion for contempt and sanctions against BHC as well.

the most part,[4] their counsel indicated during the hearing that they believed the disputes with plaintiffs can be facilely resolved once such subpoenas are properly issued and served.  Plaintiffs contend that Rule 23—not the discovery rules—governs this court's authority to issue "such orders as are necessary to determine the identity of class members."  *See* P. Reply Br. (to MCH) 9.  The cases on which plaintiffs rely in support of their contention that Rule 23 obviates the requirement that this court have personal jurisdiction over nonparty witnesses in order to sanction or compel them are inapposite.  *See U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 76 (1988) (addressing nonparty witness' ability to challenge court's lack of subject matter jurisdiction); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 354 (1978) (addressing district court's authority under Rule 23(d) with respect to parties to litigation).  The court concludes that none of the nonparty hospitals is subject to this court's personal jurisdiction.  *See, e.g., Stripling v. Jordan Prod. Co., L.L.C.*, 234 F.3d 863, 869 (5th Cir. 2000) (addressing requirements of personal jurisdiction).  The court thus denies plaintiffs' motions to compel and for civil contempt and sanctions.

As noted, the nonparties largely appear willing to produce

---

[4]The one exception is MCH, whose counsel's argument implied that resolving the disputes with plaintiffs might be more involved and could require more extensive proceedings in the Southern District of Florida to resolve MCH's motion for protective order filed in that court.

Case 7:03-cv-00102-D   Document 149   Filed 05/10/06   Page 4 of 5   PageID 1814

records in response to subpoenas issued from a United States District Court with personal jurisdiction and under terms and conditions that comply with federal and/or state privacy laws. During the hearing, plaintiffs' counsel asserted that plaintiffs could obtain subpoenas under Rule 45 from *this* court that would be returnable to the respective United States District Courts in which the hospitals were located. The court disagrees. Rule 45(a)(2)(C) provides that "[a] subpoena must issue . . . for production and inspection, if separate from a subpoena commanding a person's attendance, from the court for the district where the production or inspection is to be made." It is improper to issue a subpoena from this court for production in another district. *See, e.g., James v. Booz-Allen & Hamilton, Inc.*, 206 F.R.D 15, 19 (D.D.C. 2002) (citing *Echostar Commc'ns Corp. v. News Corp.*, 180 F.R.D 391, 397 (D. Colo. 1998)).[5] Accordingly, plaintiffs must secure the issuance of subpoenas from the Southern District of Florida, the Western District of Kentucky, and the Northern District of Georgia, respectively, for the nonparty hospitals.[6]

---

[5] Although plaintiffs do not suggest that they seek to depose any of the nonparties, under Rule 45(a)(2)(B), the subpoena for attendance at a deposition is to be issued "for attendance at a deposition, from the court for the district where the deposition is to be taken, stating the method for recording the testimony."

[6] Norton also filed a February 23, 2006 objection to plaintiffs' subpoena *duces tecum* on grounds that this court lacks personal jurisdiction. Because the subpoenas were apparently issued by the Western District of Kentucky, the court overrules the objections without prejudice because motion must be presented to

Finally, as noted above, the parties indicated during the hearing that, in many respects, they thought they would be able to resolve the merits of the discovery disputes once the subpoenas were issued by a court of competent jurisdiction. Nothing in this memorandum and order should be construed as precluding the prompt resolution of these matters by agreement, once this occurs.

*   *   *

For the reasons explained above, the court denies plaintiffs' March 20, 2006 motion to compel and their April 3, 2006 motion for contempt and sanctions.

**SO ORDERED.**

May 10, 2006.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

---

the court that issued them. See Rule 45(c)(3). If, however, the subpoenas were issued by this court, as plaintiffs' counsel suggested at the hearing has sometimes occurred, the court sustains the objections and quashes the subpoenas for lack of personal jurisdiction over Norton.