IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| VICTORIA KLEIN et al. | § | |
| vs. | § | NO. 7:03-CV-102-D |
| O'NEAL, INC. dba O'NEAL, JONES & FELDMAN PHARMACEUTICALS, et al. | § | |

## MEMORANDUM OPINION AND ORDER

This products liability class action arising out of the manufacture and distribution of E-Ferol Aqueous Solution ("E-Ferol") has been strenuously (and sometimes acrimoniously) litigated for over four years. In the latest episode of this saga, Plaintiffs sought to take the deposition of Robert Wamsley, the compliance officer for Deaconess Medical Center in Spokane, Washington, which was one of the hospitals that dispensed E-Ferol to premature infants during the period covered by the class action. The deposition was scheduled by Plaintiffs' Notice issued April 5, 2007 to be taken April 12, 2007, which gave fewer than eleven (11) days' notice as mandated by Rule 32(b), F.R.Civ.P. Prior to the taking of the deposition, Defendants' counsel objected to the taking of the deposition on the short notice and filed their Motion for Protective Order on April 11, 2007, one day before the scheduled deposition. In the absence of any ruling on the Motion, the deposition was taken and completed on April 12, 2007.

On May 3, 2007, Plaintiffs filed a Response to the Motion for Protective Order and on May 4, 2007, the District Court entered an Order of Reference referring the matter to the undersigned for resolution. On May 10, I entered an Order that the matter would be determined on written submission only and that all written submissions be filed on or before May 18, 2007.

Defendants' filed their Reply on May 17 and Plaintiffs supplemented their original Response on May 17, as well.

Defendants argue that Rule 32's eleven-day notice deadline and its proscription against the use of the deposition against them is mandatory, admits no exceptions and is self-executing, requiring no

court order at this time. Defendants further argue that since the deposition has not been offered or "used" in any way, either for or against the Defendants, the issue is not yet "ripe" for the Court's consideration. Plaintiffs argue that Rule 32's use limitation precludes only use "against a party," and the purposes for which the deposition was taken was for a use "beneficial" to and not against the Defendants. In support of that proposition, Plaintiffs argue that the subject deposition was directed solely toward a determination of the diligence exercised by that hospital in attempting to identify those children who were injected with E-Ferol, i.e., potential members of the class. As such, the deposition testimony is irrelevant to the merit of the claims of members of the class, but may be relevant to determinations of the size and composition of the class and the allocation of damages among limited class members.

Defendants' argument is most persuasive. Since the Plaintiffs already conducted the deposition notwithstanding the Defendants' filing of the Motion for Protective Order, Defendants' Motion is now moot. The only question that remains is whether and how that deposition may be used in further proceedings in the future. To the extent Plaintiffs' response to the protective motion attempts to request a ruling on the question, the question is not yet ripe. This is especially so since Defendants have already notified the Plaintiffs that Defendants have no objection to the use of the deposition as long as it is not "used against Defendants."

**IT IS, THEREFORE, ORDERED** that Defendants' Motion for Protective is denied as moot. The Court declines to give an advisory opinion concerning the admissibility of the deposition. This Court's denial of the Motion for Protective Order is without prejudice to Defendants' right to object to the use of the deposition in the future.

**IT IS SO ORDERED**, this 18th day of May, 2007.

_____
**ROBERT K. ROACH**
**UNITED STATES MAGISTRATE JUDGE**