IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

VICTORIA KLEIN, et al.,            §
                                   §
            Plaintiffs,            §
                                   §  Civil Action No. 7:03-CV-102-D
VS.                                §  (Consolidated with
                                   §  Civil Action No. 7:09-CV-094-D)
O'NEAL, INC., d/b/a O'NEAL,        §
JONES & FELDMAN                    §
PHARMACEUTICALS, et al.,           §
                                   §
            Defendants.            §

MEMORANDUM OPINION
AND ORDER

     In this class action alleging personal injury and death claims
arising from the manufacture and distribution of E-Ferol Aqueous
Solution ("E-Ferol"), defendants Federal Insurance Company
("Federal") and Westchester Fire Insurance Company
("Westchester")——insurers against whom the class plaintiffs seek a
declaratory judgment regarding insurance coverage——move to dismiss
under Fed. R. Civ. P. 12(b)(6).  The court must decide whether it
has the authority under Texas law to render a declaratory judgment
that the insurers have a duty to indemnify in this class action.
Concluding that it does not, the court grants defendants' motions
and dismisses the actions against Federal and Westchester without
prejudice.

I

     The class plaintiffs' declaratory judgment claim is a small
part of a product liability class action.  The court recites only
those facts necessary to an understanding of its decision on the

insurers' motions to dismiss.  In the underlying class action lawsuit, the plaintiff class alleges that premature infants were administered toxic doses of a vitamin E supplement known as E-Ferol during the period December 1983 to April 1984, resulting in personal injury or death.  One of the defendants in the underlying class action is the developer and manufacturer of E-Ferol, Carter-Glogau Laboratories, a wholly-owned subsidiary of defendant CVS Revco D.S., Inc. (collectively, "the CVS defendants" or "CVS"). During the relevant period, the CVS defendants were insured under various liability insurance policies, including excess commercial general liability policies issued by Federal and Westchester.

Federal and Westchester maintain that they are not required to defend or indemnify CVS in the class action because the injuries caused by E-Ferol are not within the policies' definition of "occurrence," and the class plaintiffs' claims are not covered.  In 2005, after the class action lawsuit was filed, Federal brought suit against the CVS defendants in the Northern District of Ohio, seeking a declaratory judgment that it had no duty to defend or indemnify CVS.  The class plaintiffs were neither involved in, nor until recently even aware of, the Ohio suit.  During that litigation, Federal and CVS reached an agreement——confirmed by court order——that Federal has no duty to defend CVS under its policy, but they did not resolve whether Federal has a duty to indemnify.  After becoming aware of the Ohio suit, the class

plaintiffs obtained the transfer of that case to this court. Thereafter, this court granted an unopposed motion to consolidate the Ohio declaratory judgment action with the class action.

Before the cases were consolidated, the class action plaintiffs filed a second amended complaint that added this request:

> Defendants Federal and Westchester should be joined, pursuant to Rule 19(a)(1)(A), or, in the alternative, joined, pursuant to Rule 20(a)(2)(A) and (B), Fed. R. Civ. P., in that Federal and Westchester are excess liability insurance carriers of Defendants Carter and Revco, who are claiming that Carter and Revco's actions are not covered by their liability insurance contracts.

2d Am. Compl. 27-28. The class plaintiffs seek a declaratory judgment under the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201, 2202, and Rule 57 that Federal and Westchester are obligated under their policies to indemnify CVS for any liability for injury or death resulting from the administration of E-Ferol. Before the class plaintiffs filed the second amended complaint, Federal and Westchester were not parties to the class action, and there is no allegation that either defendant directly injured any member of the plaintiff class. Furthermore, the class plaintiffs assert that adding Federal and Westchester will not defeat diversity of citizenship, which is the jurisdictional basis for the underlying class action.

The class plaintiffs allege that they are third-party

- 3 -

beneficiaries of the insurance contracts, and that they are the true parties in interest regarding any assertion by Federal and Westchester that there is no coverage.   They allege in the second amended complaint that there is a true case and controversy between them and Federal and Westchester because the refusal of these defendants to engage in settlement negotiations affects other insurers who are above them in the insurance structure.   They also posit that a determination of the indemnity issue is essential for settlement negotiations to proceed.[1]

Federal and Westchester move to dismiss the class plaintiffs' declaratory judgment action, contending that they have failed to state a claim upon which relief can be granted.   The class plaintiffs oppose the motion.

II

A

In deciding defendants' Rule 12(b)(6) motion to dismiss, the court construes the class plaintiffs' second amended complaint in the light most favorable to them, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in their

---

[1]The case is otherwise largely settled, and proceedings have been scheduled to consider court approval of the proposed class action settlement.   The proceeds of the Federal and Westchester insurance policies represent a comparatively small percentage of the available insurance to fund the settlement, and the court has concluded that the unresolved dispute involving their insurance is insufficient to prevent convening a fairness hearing to consider the proposed settlement.

favor.  *See, e.g.*, *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).   To survive the motion, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* at 555.   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009).

The court here applies the Rule 12(b)(6) standard to a declaratory judgment claim brought under the DJA.  The DJA states: "In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."   28 U.S.C. § 2201.   It is well established that the DJA is procedural only, and does not create a substantive cause of action.  *See Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc.*, 723 F.2d 1173, 1179 (5th Cir. 1984) ("The federal Declaratory Judgment Act . . . is procedural only[.]") (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)).  A declaratory judgment action is merely a vehicle that allows a party to obtain an "early adjudication of an

- 5 -

actual controversy" arising under other substantive law. *Collin County, Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170 (5th Cir. 1990). Federal courts have broad discretion to grant or refuse declaratory judgment. *Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991). "Since its inception, the [DJA] has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). The DJA is "an authorization, not a command." *Pub. Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962). It gives federal courts the competence to declare rights, but it does not impose a duty to do so. *Id.*

B

"In this declaratory judgment action, in which subject matter jurisdiction is based solely on diversity, federal law governs whether a justiciable controversy exists within the purview of the [DJA]." *Standard Fire Ins. Co. v. Sassin*, 894 F. Supp. 1023, 1025-26 (N.D. Tex. 1995) (Sanders, J.). But the DJA "does not exempt federal district courts from the constitutional requirement that there be an actual controversy between the parities." *Id.* at 1026 (citing *Aetna Life Ins. Co. v. Hayworth*, 300 U.S. 227, 239-41 (1937)). Furthermore, "where, as here, the declaratory judgment involves an insurer [and] tort Plaintiffs[,] . . . the state law which defines the substantive rights of the parties will 'play a

- 6 -

large role' in the determination of whether a case or controversy exists." *Cincinnati Ins. Co. v. RBP Chem. Tech., Inc.*, 2008 WL 686156, at *2 (E.D. Tex. Mar. 6, 2008) (quoting *Standard Fire Ins.*, 894 F. Supp. at 1026).

A declaratory judgment action among an insurer, an insured, and a plaintiff in a pending lawsuit against the insured constitutes a "controversy" within the meaning of the DJA and Article III of the Constitution. *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 272-74 (1941). Merely satisfying the minimum standards of Article III, however, does not entitle a party to a declaratory judgment. In a diversity case, where the claims are based on state law, the relief sought must be available under state law. "[S]ince a federal court adjudicating a state-created right solely because of the diversity of citizenship of the parties is for that purpose, in effect, only another court of the State, it cannot afford recovery if the right to recover is made unavailable by the State." *Westport Ins. Corp. v. Atchley, Russell, Waldrop & Hlavinka, L.L.P.*, 267 F.Supp.2d 601, 630 (E.D. Tex. 2003). In a prejudgment declaratory action regarding the duty of an insurer to indemnify, state law controls the federal court's decision. *See Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 537 (5th Cir. 2004); *see also Nautilus Ins. Co. v. Country Oaks Apartments Ltd.*, 566 F.3d 452, 458 (5th Cir. 2009) (applying Texas law in declaratory judgment action concerning insurer's duty to

defend and indemnify).   In a declaratory judgment action, where "the substantive law governing the rights of the parties is relevant to the Court's analysis, state law applies."[2]   *Hunt v. State Farm Mut. Auto Ins. Co.*, 655 F. Supp. 284, 286 (D. Nev. 1987) (citing *St. Paul Fire & Marine Ins. Co. v. Weiner*, 606 F.2d 864, 867 (9th Cir. 1979)).

III

A

It is well established that, in Texas, "a party injured by the insured is a third party beneficiary of a liability insurance policy.  However, he cannot enforce the policy directly against the insurer until it has been established, by judgment or agreement, that the insured has a legal obligation to pay damages to the injured party."  *State Farm County Mut. Ins. Co. of Tex. v. Ollis*, 768 S.W.2d 722, 723 (Tex. 1989) (per curiam).  Therefore, the class plaintiffs' assertion that they are "third-party beneficiaries of the indemnity insurance contract" is, in the context relevant here,

_____

[2]The court rejects the class plaintiffs' reliance on *Maryland Casualty*, 312 U.S. 270, and *Agora Syndicate, Inc. v. Robinson Janitorial Specialists, Inc.*, 149 F.3d 371 (5th Cir. 1998), both of which addressed only whether prejudgment declaratory judgment actions met minimum federal standards of discretion and justiciability.   While federal justiciability is a necessary showing in a declaratory judgment action, it is not of itself sufficient.   The class plaintiffs' declaratory action must also present a viable question under Texas law.   Neither *Maryland Casualty* nor *Agora* addresses the central question presented here: whether *Texas law* authorizes the court to render the declaratory judgment that they seek.

only partially correct.  They may be third-party beneficiaries, but absent the required judgment or agreement, their rights are not enforceable against the insurer.

B

In addition to the rule barring prejudgment "direct actions" by a third-party beneficiary against an insurer, Texas imposes specific limits on what declaratory relief is available before a determination of liability.  In declaring an insurer's obligations, "Texas recognizes that the duty to defend and the duty to indemnify are distinct and separate duties." *Westport*, 267 F.Supp.2d at 625. The default rule is that a court cannot grant declaratory judgment regarding the insurer's duty to indemnify before the underlying lawsuit between the injured party and the insured defendant is resolved.  *See Firemen's Ins. Co. of Newark, N.J. v. Burch*, 442 S.W.2d 331 (Tex. 1968).  In *Burch* the Texas Supreme Court held that, although prejudgment determinations of an insurer's duty *to defend* are proper, "attempts to declare the liability of the insurance company upon any judgment which may hereafter be rendered in the [underlying lawsuit] is purely advisory in nature and beyond the power and jurisdiction of the [state] district court to render." *Id.* at 332-33.

The Supreme Court of Texas later modified the *Burch* rule in *Farmers Texas County Mutual Insurance Co. v. Griffin*, 955 S.W.2d 81 (Tex. 1997).  *Griffin* held that, in limited circumstances, courts

can render declaratory judgments regarding the duty to indemnify in
a pending lawsuit.

> We now hold that the duty to indemnify is
> justiciable before the insured's liability is
> determined in the liability lawsuit when the
> insurer has no duty to defend *and the same*
> *reasons that negate the duty to defend*
> *likewise negate any possibility the insurer*
> *will ever have a duty to indemnify.*

*Id.* at 84 (emphasis in original).  Therefore, in Texas,
"[g]enerally speaking, the duty to indemnify is decided only after
the underlying liability case is concluded.  However, where an
exclusion that precludes the duty to defend would also preclude
indemnity, courts are permitted to decide the duty to indemnify in
advance of the underlying liability lawsuit's end." *Nautilus Ins.*,
566 F.3d at 458.

Under *Griffin*, before a determination of liability is made in
the underlying lawsuit, a declaratory judgment is available only *to*
*negate* a duty to indemnify, not *to affirmatively establish* such a
duty.  Stated in common parlance, the *Griffin* exception allows only
a *one-directional* determination: the action must be brought by the
insurer seeking a declaratory judgment that it has no duty to
indemnify.  That this is the meaning and effect of *Griffin* is found
in its holding: when "the same reasons that *negate* the duty to
defend likewise *negate* any possibility the insurer will ever have
a duty to indemnify," a court can decide the indemnity question.
*Griffin*, 955 S.W.2d at 84 (some emphasis omitted).  If *Griffin*

- 10 -

created a so-called *bi-directional* exception to the *Burch* rule, that is, if it allowed a third-party plaintiff to seek a declaratory judgment that the insurer *has* a duty to indemnify, it would be expected that the Supreme Court of Texas in *Griffin* or in a later decision would have said so. That is, the court would also have permitted the rendition of a declaratory judgment where "the same reasons that *establish* the duty to defend likewise *establish* that the insurer has a duty to indemnify."

A federal court applying Texas law can determine the indemnity issue, however, "only when the duty to defend analysis, which looks exclusively to the eight corners of the state court petition and the policy, indicates that no set of alleged facts would provide coverage, and because of the very same reasons, no duty to indemnify could arise." *Westport*, 267 F.Supp.2d at 626. If a court determines that a duty to defend does apply, it cannot take the next step and declare that there is also a duty to indemnify. "[W]hen the court determines that there is a duty to defend, a ruling on the duty to indemnify is premature." *Gehan Homes, Ltd. v. Employers Mut. Cas. Co.*, 146 S.W.3d 833, 846 (Tex. App. 2004, pet. denied). In such a case, a federal district court exercising diversity jurisdiction "not only ha[s] discretion to refuse to decide the duty-to-indemnify issue, but Texas law clearly indicate[s] that it would err by doing so because the underlying litigation was not completed." *Northfield Ins.*, 363 F.3d at 537.

The holdings of these cases confirm what this court concludes today: the authority to render a declaratory judgment arises in cases that follow one direction alone—an insurer seeking a declaratory judgment that it has no duty to indemnify, not the other way around.

Although the Supreme Court of Texas has not yet explicitly applied its prohibition on third-party "direct actions" to the context of declaratory judgment claims against insurers, given the *Burch* rule and the holding of *Griffin*, it is difficult to discern how such a suit could ever be maintained. Under *Griffin*, prejudgment determinations of a duty to indemnify can only be rendered in combination with decisions addressing the duty to defend, and then only after it has been determined that there is no duty to defend. A third-party plaintiff is hardly likely to seek a declaratory judgment that an insurer has no duty to defend, and, for the same reasons that negate that duty, no duty to indemnify. Such an action would seem to run counter to a third-party plaintiff's usual interests.

C

The class plaintiffs attempt to support their declaratory judgment claim by relying on a Texas Court of Appeals' memorandum opinion in *Richardson v. State Farm Lloyds Insurance*, 2007 WL 1018651 (Tex. App. Apr. 5, 2007, pet. denied) (mem. op.). In *Richardson* the court held:

- 12 -

> [F]ollowing the holding of the Texas Supreme
> Court in *Griffin* that a declaratory judgment
> action is permissible when brought by an
> insurance company against a third party
> seeking to have the insurance company defend
> or indemnify for the conduct of its insured,
> we conclude that *a declaratory judgment action
> is permissible when brought by a third party
> seeking to have the insurance company defend
> or indemnify for the conduct of its insured.*

*Richardson*, 2007 WL 1018615, at *5 (emphasis added). Despite this
holding, *Richardson* then rejected the plaintiffs' claim after
concluding that "the pleadings establish that [the insurer] will
never have a duty to defend or indemnify [the insured] for the
injuries resulting from his use of a motor vehicle to injure [the
third-party plaintiff]." *Id.* at *6.

The class plaintiffs rely on *Richardson* to argue that Texas
law permits them to bring their declaratory judgment action
directly against Federal and Westchester.  This reliance is
misplaced because *Richardson* appears to misapply *Griffin* in
reaching the merits of the plaintiff's declaratory judgment action.
As discussed above, *Griffin* is one-directional: it authorizes
prejudgment determinations that there is *no* duty to indemnify, but
it does not allow a court to affirmatively declare that there *is*
such a duty.  By allowing third-party plaintiffs to bring
declaratory judgment actions (seeking to *establish*, rather than to
*negate*, a duty to indemnify), *Richardson* turns the *Griffin*
exception around to proceed, so to speak, in the opposite
direction.  The *Richardson* court's dismissal of the claim on other

- 13 -

grounds allowed it to overlook this problem in its holding, but it is clear that *Griffin* provides no mechanism for a court to affirmatively determine, in the context of a third-party plaintiff's prejudgment declaratory judgment action, that an insurer has a duty to indemnify.

Apart from *Richardson*, the parties have cited——and the court has found——little or no Texas precedent for allowing a third-party plaintiff to bring a declaratory judgment action for indemnity against an insurer before an underlying liability judgment in Texas. There are, to be sure, cases holding that third-party plaintiffs are "proper parties" to declaratory suits brought by insurers under *Griffin*. *See, e.g.*, *Atl. Cas. Ins. Co. v. Ramirez*, ___ F.Supp.2d ___, 2009 WL 2842901, at *3 (N.D. Tex. Sept 2, 2009) (Furgeson, J.) ("[A]n injured party, who is a plaintiff in state court litigation against an insured party . . . is a proper party to a declaratory judgment action."). But the conclusion that being a "proper party" to litigation brought by an insurer against its insured grants a third-party plaintiff the right to bring a declaratory judgment action against an insurer——and in the process completely reverse the direction of the *Griffin* framework——finds no support in Texas law except, perhaps, in *Richardson*. But *Richardson* is not controlling. When making an *Erie*-guess, this court's task is to determine how the Supreme Court of Texas would decide the question. *See, e.g., Batts v. Tow-Motor Forklift Co.*,

- 14 -

66 F.3d 743, 749 (5th Cir. 1995) (addressing *Erie* prediction concerning Mississippi law). "While decisions of intermediate state appellate courts provide guidance, they are not controlling. If a state's highest court has not ruled on the issue in question, a federal court must determine, to the best of its ability, what the highest court of the state would decide." *United Teacher Assocs. Ins. Co. v. Union Labor Life Ins. Co.*, 414 F.3d 558, 565-66 (5th Cir. 2005) (citations omitted). Here, the court is confident that the Supreme Court of Texas would not adopt a declaratory judgment right that varies so fundamentally from the limited exception to *Burch* recognized in *Griffin*.

Furthermore, *Richardson* is distinguishable from the present case because it involved both the duty to indemnify *and* the duty to defend. *See Richardson*, 2007 WL 1018615, at *5. As discussed in more detail below, the class plaintiffs' declaratory judgment claim does not allege that Federal and Westchester have a duty to defend CVS in the liability action; it only addresses a duty to indemnify. Therefore, even if, contrary to the court's analysis, a third-party plaintiff in Texas could bring a prejudgment declaratory judgment action, *Griffin* clearly requires that the indemnification decision rest upon a preliminary resolution concerning the duty to defend. Indemnity can only be determined when "the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify." *Griffin*, 955 S.W.2d at 84. The

class plaintiffs's claim does not address the duty to defend and therefore falls outside the *Griffin* exception, further undermining their reliance on *Richardson*.

D

Because, in Texas, a court cannot determine an insurer's duty to indemnify until it has been established, by judgment or agreement, that the insured has a legal obligation to pay damages to the injured party, federal courts in diversity cases apply the same rule to claims brought under the DJA. *See, e.g.*, *Nautilus Ins.*, 566 F.3d at 458; *Northfield Ins.*, 363 F.3d at 537; *Atl. Cas. Ins.*, 2009 WL 2842901, at *10-*13; *Cincinnati Ins.*, 2008 WL 686156, at *2; *Nat'l Am. Ins. Co. v. Breaux*, 368 F.Supp.2d 604, 619-21 (E.D. Tex. 2005); *Standard Fire Ins.*, 894 F. Supp. at 1025-28.  As Judge Sanders explained in *Standard Fire Insurance*:

> The Fifth Circuit, recognizing that the prohibition on direct actions enforces the substantive relationship between the insurer and the tort plaintiff, has long regarded the availability of a direct action against an insurer as a question of substantive law that requires a court sitting in diversity jurisdiction to apply state law.

*Standard Fire Ins.*, 894 F.Supp at 1027.  "For this reason, the Court would be unlikely to entertain a declaratory action in which the parties' positions were reversed—that is, in which the plaintiff in a pending state case sought a declaration regarding an insurer's duty to defend or indemnify."  *Id*. at 1027 n.5.

This adherence to Texas law in federal declaratory judgment

- 16 -

actions is based on sound policy:

> To allow the insurer to accomplish in the
> federal forum what the state courts would deny
> the insurer goes against the teachings in
> [*Erie R.R. Co. v. Tompkins*, 304 U.S. 64
> (1938)]. This is because to do so would
> change materially the nature of the risks that
> Texas law imposes on an insurer in deciding
> whether to admit coverage, to provide a
> defense or to pay a claim. In some instances,
> an early declaration of rights could disturb
> the balance achieved by Texas law. Therefore,
> the insurer should not be able to achieve in
> this action prematurely what it would be
> denied in the state courts under state law.

*Westport*, 267 F.Supp.2d at 632. Having determined that the case before it could not be maintained under Texas law, the *Westport* court concluded:

> Texas state law precludes this Court from
> deciding the duty to indemnify before the
> conclusion of the state court proceedings.
> State law, based on interpretation of the
> state constitution, does not view these
> determinations as they are presented in this
> case as justiciable, regardless of whether
> they would be considered a "case or
> controversy" for the purposes of Article III.
> Therefore, while the Court has jurisdiction by
> way of diversity to decide the duty to defend,
> state law will not allow it to decide the
> insurer's duty to indemnify at this time in
> this case.

*Id.* at 633.[3]

─────────────────

[3]The cases that the court cites in this opinion that interpret or apply Texas law largely (if not exclusively) address whether a declaratory judgment can be rendered while the underlying liability suit is still pending *in state court*. Given *Burch*'s rationale that attempts to declare liability on a judgment that may later be rendered in the underlying lawsuit are purely advisory and beyond the state district court's power and jurisdiction, *Burch*, 442

IV

The court now turns to the question whether the class plaintiffs' declaratory judgment claim seeks relief that the court can render under Texas law.  The court concludes that, because the duty to defend is absent from the claim, and because the class plaintiffs seek a declaratory judgment that affirmatively establishes a duty to indemnify, it cannot grant this relief.

In their second amended complaint, the class plaintiffs request a declaratory judgment "that Federal and Westchester are required by the terms of their insurance contracts with Revco D.S., Inc. to indemnify CVS for any liability for injury or death resulting from E-Ferol."  2d Am. Compl. 34.  The second amended complaint does not seek any relief regarding the duty to defend and in fact does not even mention this duty.[4]  The *Griffin* exception is therefore inapposite because the court is not being asked to conduct a duty-to-defend analysis.  In addition, even if the duty to defend were included, *Griffin* does not provide any method for a

_____

S.W.2d at 332-33, this fact does not affect the court's analysis.

[4]Furthermore, although in deciding a Rule 12(b)(6) motion the court can consider only the second amended complaint and certain other documents, it is notable that the class plaintiffs admit in a letter to the court that "[t]he Transit insurance policy that was 'followed' by Federal and Westchester is an excess policy requiring no duty to defend."  Letter to the Court, September 3, 2009, at 3.  Given that the typical excess liability insurance policy does not include a duty to defend, the *Griffin* exception would seem to apply only infrequently (if at all) in the context of excess insurance policies.

- 18 -

court to declare that the duty to indemnify does apply, prior to a judgment or agreement in the underlying suit. *Griffin* operates only in one direction: it allows insurers in certain circumstances to negate the duty to indemnify, but does not offer the reverse opportunity to third-party plaintiffs.

Because Texas law would treat this declaratory judgment claim as nonjusticiable, this court, applying Texas law under its diversity jurisdiction, cannot issue the declaratory judgment that the class plaintiffs seek. Accordingly, the class plaintiffs have failed to state a claim on which relief can be granted with regard to their request for declaratory judgment against Federal and Westchester.

V

Before dismissing the class plaintiffs' claim against Federal and Westchester, the court must decide whether to grant them leave to amend.

> [I]n view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.

*In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (internal quotation marks omitted)

- 19 -

(quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter &
Co.*, 313 F.3d 305, 329 (5th Cir. 2002)).  Here, it is clear, for
the reasons explained above, that the defects in the class
plaintiffs' second amended complaint are incurable.  There is no
factual scenario under which they can seek a prejudgment
declaratory judgment (i.e., prior to a finding of liability in the
underlying lawsuit) that Federal and Westchester have a duty to
indemnify.  The court is therefore dismissing their claim without
granting them leave to amend.

                      *      *      *

     For the foregoing reasons, the court grants Federal and
Westchester's motions to dismiss and dismisses the class
plaintiffs' actions against Federal and Westchester without
prejudice by Rule 54(b) judgment filed today.[5]

---

     [5]The court is dismissing this claim without prejudice so that
the class plaintiffs will not be barred from seeking relief against
Federal and Westchester should they later have grounds to do so.
The court in denying the relief they seek in this suit is holding
under Texas law that their claim is nonjusticiable.  Such
dismissals are typically without prejudice.  *Cf. Cain v. Jackson*,
2008 WL 2717185, at *1 (N.D. Tex. July 19, 2008) (Fitzwater, C.J.)
(order) (adopting magistrate judge recommendation and dismissing
case without prejudice based on *Younger* abstention in order to
permit refiling after state cases concluded).

                          - 20 -

**SO ORDERED.**

October 30, 2009.

                          SIDNEY A. FITZWATER
                          CHIEF JUDGE