IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

VICTORIA KLEIN, et al.,            §
                                   §
            Plaintiffs,            §
                                   § Civil Action No. 7:03-CV-102-D
VS.                                § (Consolidated with
                                   § Civil Action No. 7:09-CV-094-D)
O'NEAL, INC., d/b/a O'NEAL,        §
JONES & FELDMAN                    §
PHARMACEUTICALS, et al.,           §
                                   §
            Defendants.            §

MEMORANDUM OPINION
AND ORDER

    In this class action alleging personal injury and death claims
arising from the manufacture and distribution of E-Ferol Aqueous
Solution ("E-Ferol"), the court addresses three motions that have
been filed in advance of the fairness hearing ("fairness hearing")[1]
to consider the proposed settlement of the case: (1) class member
Sharon Jenkins' ("Jenkins'") December 30, 2009 motion to extend
time to submit additional documents with regard to objections to
the settlement and to the fairness hearing, (2) class member
Lawrence V. Long, Jr.'s ("Long's") January 6, 2010 motion for leave
to serve interrogatories and document requests, and (3) defendants
O'Neal, Inc., d/b/a/ O'Neal, Jones & Feldman Pharmaceuticals, CVS
Revco D.S., Inc., and Retrac, Inc.'s January 8, 2010 motion for

---

[1]The court has allocated two days, February 16 and 17, 2010,
for the hearing.

leave to take depositions.[2]

I

Jenkins seeks leave to obtain and file medical records and to depose three physicians from Children's Hospital in Cincinnati, Ohio. She maintains that this discovery will support her objections to the proposed settlement. Although Jenkins characterizes her position as an "objection" to the settlement, she admits that

> if her category placement is changed [from
> Category 4 to the more lucrative Category 1]
> she will agree with the terms of the proposed
> settlement . . . . Sharon Jenkins is not
> pleased with the terms of the proposed
> settlement but she is willing to abide by the
> proposed settlement in the event that she is
> placed in Category 1 of the proposed
> settlement.

Jenkins Mem. 1-2. Elsewhere, Jenkins expands her request to include the assertion that she should be placed in a new category that exceeds Category 1, arguing that her claim is stronger than even those described in category 1. *See* Jenkins Objections 2.

Except as permitted below, the court denies her motion. "The scope of the discovery to be conducted in each case rests with the

---

[2]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

sound discretion of the trial judge." *Cotton v. Hinton*, 559 F.2d 1326, 1333 (5th Cir. 1977). Because the admitted purpose of Jenkins' motion is to develop evidence in support of her attempt to move into Category 1, and she has not pointed to any facts indicating that the proposed settlement as a whole is not fair, reasonable, and adequate to class members, or the product of collusion, the court declines to allow Jenkins to conduct discovery and to extend relevant deadlines before the fairness hearing, except as noted below. Under the terms of the settlement, assuming it is approved, Jenkins can request that her case be reviewed by a court-appointed independent medical expert and reassigned to another category. As class plaintiffs note, any determination by such an expert would be binding on all parties.[3]

Neither defendants nor class plaintiffs object to Jenkins' filing medical records, provided that she does so in a timely manner. Considering the absence of opposition, the court will allow Jenkins to file medical records no later than February 5, 2010.

---

[3]The court notes that, in addition to requesting that her claim be re-categorized, Jenkins asks that the definition of Category 1 be changed. She can present her relevant arguments at the fairness hearing without the discovery she requests or an extension of deadlines.

II

Long requests leave to serve discovery on defendants and class plaintiffs.   The discovery pertains both to class plaintiffs' application for attorney's fees and the mediation negotiations that resulted in the settlement agreement that will be the subject of the fairness hearing.   The court grants the motion in part and denies it in part.

A

With the modifications explained below, the court grants Long's motion as it relates to the attorney's fee calculations submitted by class plaintiffs.   "In a class action settlement, the district court has an independent duty under Federal Rule of Civil Procedure 23 to the class and the public to ensure that attorneys' fees are reasonable and divided up fairly among plaintiffs' counsel."   *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 227 (5th Cir. 2008).   "The court's duty to review attorneys' fees is no less compelling in common fund cases, like this case, where a separate fund to pay attorneys' fees is created as part of the class action settlement."   *Id.* at 227-28. Furthermore, "the district court's findings and reasons [for approving the attorney's fee motion] must be 'complete enough to assume a review which can determine whether the court has used proper factual criteria in exercising its discretion to fix just compensation.'"   *Id.* at 229 (quoting *Brantley v. Surles*, 804 F.2d

- 4 -

321, 326 (5th Cir. 1986)).

Much of the discovery that Long seeks is related to the attorney's fee calculations and will be relevant to the court's duty to independently evaluate class plaintiffs' fee motion. The court therefore grants Long's request, except as modified below. Because a court may not simply approve an award of attorney's fees, even if it is unopposed, Long's request appears to add little additional burden on class counsel. As a class member, Long maintains the right to object to the fee motion, *see* Fed. R. Civ. P. 23(h)(2), and the requested information will enable him to determine if there are grounds for such an objection. Because the majority, if not all, of the information would be required for the court to adequately assess the fee motion, class counsel is not unduly burdened by Long's request.

Accordingly, the court grants Long's motion to serve discovery on class plaintiffs related to the calculation of attorney's fees. This decision here covers Exhibit A to Long's motion (interrogatories addressed to plaintiffs), and Requests Nos. 1-5 of Exhibit B (requests for production of documents to plaintiffs). Because several of Long's proposed interrogatories and discovery requests seek more detailed responses than the court deems necessary, the following information is excluded from Long's discovery:

- 5 -

Interrogatory No. 16: Class plaintiffs are not required to supply any information other than the qualifications, education, and work experience of the "Medical Review Team" members.

Interrogatory No. 19: Class plaintiffs are not required to disclose any compensation, salary, or bonus information regarding Kathleen Dahle ("Dahle").

Interrogatory No. 20: Class plaintiffs are not required to disclose any compensation information regarding any forms W-2 and 1099 issued to Dahle.

Document Request No. 1: No response is required.

Document Request No. 5: No response is required.

Document Requests Nos. 2-4: No information regarding salary or other compensation, if any, need be disclosed (it may be redacted).

Accordingly, except as disallowed, Long's motion to serve discovery on class plaintiffs regarding the calculation of attorney's fees is granted. Class plaintiffs must serve their responses to Long's discovery requests no later than Friday, February 5, 2010, at 5:00 p.m. CST. Long's response to class plaintiffs' fee motion must be filed by Wednesday, February 10, 2010, at noon CST. Class plaintiffs' reply brief, if any, must be filed before the beginning of the fairness hearing on Tuesday, February 16, 2010.

B

The court denies Long's motion to serve discovery relating to the mediation negotiations that led to the proposed settlement. Long seeks discovery of documents that "focus on the negotiating positions taken by each side in their settlement negotiations in the mediation," to be used in "evaluating the strengths and weaknesses of each side's claims and defenses." Long Mot. Discovery 6. Long contends that he intends to challenge the fairness and adequacy of the proposed settlement. To do so, he seeks to compare the early bargaining positions of the parties with the eventual settlement amount, as well as the value of each settlement category. He maintains that he "has a specific interest in such evidence because he believes the settlement amount allocated to his claim is significantly lower when compared to the value of his claim if it were brought as a stand alone claim in an Ohio state court litigation." Long Reply Br. 8. He posits that class counsel may have "sacrificed" his individual claim for the purposes of appeasing defendants and thereby increasing the recovery for the class overall. *Id.* at 10. Long does not allege that class counsel failed to exercise due diligence in pursuing all possible claims or that there is any evidence of collusion.

As stated above, the scope of discovery rests in the court's sound discretion. *See Cotton*, 559 F.2d at 1333. For purposes of the fairness hearing and any objections that Long seeks to advance

concerning the settlement, the court holds that the information he requests is not discoverable because it falls outside the scope of Rule 26(b)(1). "The gravamen of an approvable proposed settlement is that it be 'fair, adequate, and reasonable and is not the product of collusion between the parties.'" *Newby v. Enron Corp.*, 394 F.3d 296, 301 (5th Cir. 2004) (quoting *Cotton*, 559 F.2d at 1330). The six factors that the court must consider in deciding whether to approve the settlement are:

> (1) evidence that the settlement was obtained by fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the litigation and available discovery; (4) the probability of plaintiffs' prevailing on the merits; (5) the range of possible recovery and certainty of damages; and (6) the opinions of class counsel, class representatives, and absent class members.

*Id.* (citing *Reed v. Gen. Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983)). The court is to evaluate the proposed settlement on its face, and it need not analyze the negotiations that led up to it.

> Generally speaking, a settlement should stand or fall on the adequacy of its terms. The overriding theme of our caselaw is that formal discovery is not necessary as long as (1) the interests of the class are not prejudiced by the settlement negotiations and (2) there are substantial factual bases on which to premise settlement.

*Id.* at 306. Moreover, "where the objectors represent only a small percentage of the class, the likelihood of the court granting their discovery requests decreases because the court will give great

- 8 -

weight to the interests of the majority of the class members." *Hemphill v. San Diego Ass'n of Realtors, Inc.*, 225 F.R.D. 616, 620 (S.D. Cal. 2005) (citing cases).

Long's discovery requests that relate to the mediation and settlement negotiations do not appear to be targeted at information that will be relevant to the factors that the court will consider at the fairness hearing. Long explicitly states that his concern is that he will receive less money as a class member than he could if allowed to pursue his own lawsuit. Long's unsuccessful attempt to opt out, however, does not entitle him to derail the settlement, assuming it is fair, adequate, and reasonable to the class as a whole and not the product of collusion. His suspicion that "class counsels' interest was mainly to get a deal done that would benefit the entire class," Long Reply Br. 12, does not merit his open-ended and wide-ranging discovery request. The court has already denied Long's request to opt out, *see Klein v. O'Neal, Inc.*, 2009 WL 1174638, at *5 (N.D. Tex. Apr. 29, 2009) (Fitzwater, C.J.), and it declines to cover the same ground under the guise of Long's "objections" to the proposed settlement. Furthermore, Long does little to dispel defendants' assertion that his discovery seeks information regarding an offer of compromise that would "prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount," which is prohibited under Fed. R. Evid. 408(a).

Accordingly, the court denies Long's motion for leave to serve discovery related to the mediation and settlement negotiations. This denial applies to Requests Nos. 6-11 of Exhibit B to Long's motion (requests for production of documents to plaintiffs), and Exhibit C (requests for production of documents to defendants).

III

Defendants seek leave to take the deposition of two physicians from Children's Hospital in Cincinnati, Ohio for the purpose of responding to Long's objections to the settlement. The physicians were involved in the care of Long's daughter before her death. Defendants assert that their testimony will be relevant to the issues of whether Long knew that his daughter was given E-Ferol and his allegations of fraudulent concealment by those involved in her treatment. Defendants represent that they have confirmed the physicians' availability for a date and location before the fairness hearing.

The court grants defendants' motion. Unlike the disallowed discovery that Long seeks, these depositions are of fact witnesses who will address issues relevant to Long's objections to the proposed settlement. Long has stated his intention to present his objections at the fairness hearing, and the defendants should be permitted to obtain this discovery for the purpose of responding to them.

The fact that a stay entered in Long's Ohio state court

lawsuit precluded Long from taking these depositions does not warrant denying defendants this discovery in the present case. The stay was issued so that the parties could focus on, and conduct discovery in, this suit. Although the timing of the depositions—just weeks before the fairness hearing—could impose some burdens on the parties, the court does not find that they are sufficient to warrant denying the motion. The depositions will be held in Cincinnati and therefore should not require burdensome travel by Long's counsel. And class plaintiffs do not oppose the motion. The court concludes that defendants' motion should be granted. The depositions are to be conducted at the date and time specified in the motion, unless the parties agree otherwise.

*      *      *

Accordingly, for the foregoing reasons, the court grants in part and denies in part Jenkins' December 30, 2009 motion to extend time to submit additional documents with regard to objections to the settlement and to the fairness hearing; grants in part and denies in part Long's January 6, 2010 motion for leave to serve interrogatories and document requests; and grants defendants' January 8, 2010 motion for leave to take depositions.

**SO ORDERED.**

January 21, 2010.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

- 11 -