IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| VICTORIA KLEIN, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 7:03-CV-102-D |
| VS. | § | (Consolidated with |
| | § | Civil Action No. 7:09-CV-094-D) |
| O'NEAL, INC., d/b/a O'NEAL, | § | |
| JONES & FELDMAN | § | |
| PHARMACEUTICALS, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In a memorandum opinion and order filed April 9, 2010, the court approved the proposed settlement in this class action. Defendants request, without opposition from class plaintiffs, that the court for factual accuracy make certain changes to the memorandum opinion and order. The court grants the request.

Accordingly, the following paragraph found at pages 51-52 that reads:

> The court is also unpersuaded that the exclusion of CVS from the Settlement Agreement renders it unfair or inadequate to the class. The parties debated in their briefing and at the fairness hearing the legal question whether CVS bore ongoing liability in this case, or whether these liabilities were discharged in a prior bankruptcy proceeding. Defendants maintain that CVS does not have any liability for the actions of the corporation from which it purchased assets and that, even if CVS were included in the pool of liability defendants, the total payout amount under the settlement would not be increased. Long has not presented evidence that, if CVS were included in the proposed settlement, the amount paid would be greater. Defendants

> posit that the settlement amount was determined by estimating the value of the various claims and arriving at a total aggregate amount——a calculation that the inclusion of CVS would not alter. Chasnoff testified that the parties did not "just start with a lump sum amount." Tr. 2:9. Rather, the settlement talks began with "an evaluation of . . . what we believed was the——the settlement value of every class member's claim[], one by one, and that fed into an ultimate settlement amount and that was in our minds as we negotiated." *Id.*

is amended to read:

> The court is also unpersuaded that the lack of contribution from CVS renders the Settlement Agreement unfair or inadequate to the class. Under the terms of the Settlement Agreement, the parties agree that CVS "has no liability with respect to any claims filed" in this action. Settlement Agreement at 20. The parties debated in their briefing and at the fairness hearing the legal question whether CVS bore ongoing liability in this case, or whether these liabilities were discharged in a prior bankruptcy proceeding. Defendants maintain that CVS does not have any liability for the actions of the corporation from which it purchased assets and that, even if CVS did have such liability, the total payout amount under the settlement would not be increased. Long has not presented evidence that, if CVS were liable, the amount paid would be greater. Defendants posit that the settlement amount was determined by estimating the value of the various claims and arriving at a total aggregate amount——a calculation that the inclusion of CVS would not alter. Chasnoff testified that the parties did not "just start with a lump sum amount." Tr. 2:9. Rather, the settlement talks began with "an evaluation of . . . what we believed was the——the settlement value of every class member's claim[], one by one, and that fed into an ultimate settlement amount and that was in our minds as we negotiated." *Id.*

The following paragraph found at pages 52-53 that reads:

> In sum, Long, on the one hand, and the class plaintiffs and defendants, on the other, have different views about CVS's potential liability. But that is not the point. What matters is that the question is debatable, and the position taken by the class plaintiffs and defendants is reasonable. Indeed, given the approach taken by the class plaintiffs in this case and by plaintiffs generally in mass tort litigation, it is highly doubtful that, if class counsel had a realistic (or perhaps *any*) prospect of obtaining more money by seeking to hold CVS liable, they would have opted not to sue CVS. The court's opinion that the Settlement Agreement is reasonable is bolstered by the fact that "[s]killed and more than adequate lawyers for the class believe[] it to be a good bargain." *Reed*, 703 F.2d at 174. The omission of CVS and its insurers from the proposed settlement does not undercut the finding that the settlement is fair, reasonable, and adequate.

is amended to read:

> In sum, Long, on the one hand, and the class plaintiffs and defendants, on the other, have different views about CVS's potential liability. But that is not the point. What matters is that the question is debatable, and the position taken by the class plaintiffs and defendants is reasonable. Indeed, given the approach taken by the class plaintiffs in this case and by plaintiffs generally in mass tort litigation, it is highly doubtful that, if class counsel had a realistic (or perhaps *any*) prospect of obtaining more money by seeking to hold CVS liable, they would have opted to release and dismiss CVS without receiving payment from CVS. The court's opinion that the Settlement Agreement is reasonable is bolstered by the fact that "[s]killed and more than adequate lawyers for the class believe[] it to be a good bargain." *Reed*, 703 F.2d at 174. The absence of contribution from CVS and its insurers to the proposed settlement does

> not undercut the finding that the settlement is fair, reasonable, and adequate.

Except as modified herein, the memorandum opinion and order filed April 9, 2010 shall stand as filed.

**SO ORDERED.**

June 14, 2010.

SIDNEY A. FITZWATER
CHIEF JUDGE