IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

VICTORIA KLEIN, et al.,           §
                                  §
            Plaintiffs,           §
                                  § Civil Action No. 7:03-CV-102-D
VS.                               § (Consolidated with
                                  § Civil Action No. 7:09-CV-094-D)
O'NEAL, INC., d/b/a O'NEAL,       §
JONES & FELDMAN                   §
PHARMACEUTICALS, et al.,          §
                                  §
            Defendants.           §

MEMORANDUM OPINION
AND ORDER

In a prior opinion, the court approved the proposed settlement in this class action. *See Klein v. O'Neal, Inc.*, ___ F.Supp.2d ___, 2010 WL 1435161, at *42 (N.D. Tex. Apr. 9, 2010) (Fitzwater, C.J.) ("*Klein IV*"). The court awarded counsel for the plaintiff class under Fed. R. Civ. P. 23(h)(1) a fee of 30% of the settlement amount, reimbursement of reasonable and necessary expenses associated with the litigation, and $300,000 from the settlement amount to pay for costs of administration and distribution of the settlement proceeds. *Id.* at *41-*42. Lawrence V. Long, Jr. ("Long"), a class member who objected to the proposed settlement, moves the court to reconsider the attorney's fees award based on the Supreme Court's recent decision in *Perdue v. Kenny A.*, ___ U.S. ___, 130 S.Ct. 1662 (2010), which the Court decided after this court issued *Klein IV*.[1] The court denies the motion.

_____

[1]As noted in *Klein IV*, Long is the only member of the plaintiff class who opposed the request for a 30% attorney's fee.

In *Perdue* the Court held that—when calculating an award under 42 U.S.C. § 1988, a fee-shifting statute—"there is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Id.* at 1673. Long argues that *Perdue* demonstrates that this court erred in calculating the fee award in *Klein IV* and that it should make an award based only the sum of reasonable hours multiplied by a reasonable hourly rate.

Long's reliance on *Perdue* is misplaced. This court awarded attorney's fees in *Klein IV* from the common fund obtained for the class plaintiffs through the settlement, not under a fee-shifting statute such as 42 U.S.C. § 1988. *Perdue* addresses how a fee should be calculated under a fee-shifting statute. Moreover, the Supreme Court did not purport to overrule the reasoning or results of common fund fee awards like *Klein IV* or the Fifth Circuit precedent on which *Klein IV* is based. *Perdue* therefore neither requires nor suggests that this court reconsider its decision in *Klein IV*.[2]

---

The vast majority of class members, after being provided with information including the amount of the requested fee, signed documents affirmatively requesting that the court approve the settlement. *See Klein IV*, 2010 WL 1435161, at *38 n.41.

[2]Long cites *Van Horn v. Nationwide Property & Casualty Co.*, 2010 WL 1751995 (N.D. Ohio Apr. 30, 2010), for the proposition that

*     *     *

Long's May 18, 2010 motion for reconsideration of attorney's fee award is denied.

**SO ORDERED.**

June 16, 2010.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

---

*Perdue* ought to be applied in a common fund case. *Van Horn* represents a district court's exercise of its discretion and adherence to the law of the circuit in which it sits.  It is not binding on this court, and Fifth Circuit precedent supports the reasoning and award in *Klein IV*.  *See Klein IV*, 2010 WL 1435161, at *34.