IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| VICTORIA KLEIN, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 7:03-CV-102-D |
| VS. | § | (Consolidated with |
| | § | Civil Action No. 7:09-CV-094-D) |
| O'NEAL, INC., d/b/a O'NEAL, | § | |
| JONES & FELDMAN | § | |
| PHARMACEUTICALS, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In accordance with the court's instructions in its memorandum opinion and order approving the settlement in this class action, *see Klein v. O'Neal, Inc.*, ___ F.Supp.2d ___, 2010 WL 1435161, at *42 (N.D. Tex. Apr. 9, 2010) (Fitzwater, C.J.) ("*Klein IV*"), class plaintiffs and defendants submitted proposed final judgment forms for the court's consideration.  The court held a status conference hearing on June 11, 2010 at which it resolved the differences that remained between the class plaintiffs and defendants concerning the terms of the final judgment.  Class member Lawrence V. Long, Jr. ("Long"), who opposes the settlement, also objects to certain provisions in the proposed final judgment.  The court overrules the objections for the reasons that follow and enters a final judgment contemporaneously with this memorandum opinion and order.[*]

_____

[*]Long filed his objections on May 19, 2010.  On June 14, 2010 the court invited any party who opposed his objections to file a written response, but it stated that Long could not file a reply unless the court requested a reply or granted Long's request for

I

In *Klein IV* the court described one of the key components of the proposed settlement:

> As a condition of obtaining an individual award under the Settlement Agreement, a class member is required to execute a release of all liability for defendants and their insurers. Furthermore, the liability release covers "all Persons who provided medical or health care services to any individual who allegedly received E-Ferol, including but not limited to hospitals, doctors, [and] nurses." The release grants an unconditional release and discharge of all claims and causes of action "connected in any manner or fashion with E-Ferol."

*Klein IV*, 2010 WL 1435161, at *6 (quoting settlement agreement) (citations omitted). When the court approved the settlement agreement, it overruled Long's objections to this release. The court found "that the [release] provision is essential to the viability of the proposed settlement and that the Settlement Agreement, with the release included, is fair, reasonable, and adequate to the class as a whole." *Id.* at *28.

The proposed judgment contains the following two provisions that seek to implement the release terms from the settlement agreement. Long objects to them on various grounds. The provisions state:

_____

leave to file a reply. Because the court concludes that the positions of the litigants have been fairly presented in the papers on file, it exercises its discretion to address Long's objections without granting him leave to file a reply.

4.   As provided in the Settlement Agreement, each Released Claim of each of the Releasing Parties is hereby forever released, discharged, and extinguished as against the Released Persons and the Medical Releases.

5.   As provided in the Settlement Agreement, all Releasing Parties [class members] are permanently enjoined from commencing, continuing, or prosecuting, directly or indirectly, representatively, derivatively, or in any other capacity, and of the Released Claims against any of the Released Persons or Medical Releases in this or any other proceeding, tribunal, or forum.

Long's overall concern centers on the impact of these provisions on a lawsuit that he recently filed in Ohio state court against the defendants, their insurers, and two physicians (the "Ohio Suit"). The Ohio Suit is currently stayed pending the outcome of this class action.

First, Long asserts that the judgment should not include an "injunction" that precludes class members from prosecuting actions, as proposed in ¶ 5. He posits that the settlement agreement, as approved by the court in *Klein IV*, calls for a *release* of claims against the defendants, their insurers, and third-party medical providers, not an *injunction*. Long does not explain the significance that he ascribes to the distinction between a complete release of all claims against such parties and an injunction that precludes suing on released claims.

Second, Long argues that—even if the court includes the

- 3 -

injunction language in the judgment——the injunction should not prohibit "continuing" a lawsuit.  Because the Ohio Suit is the only such lawsuit currently pending, Long maintains that the word "continuing" is directed specifically at the Ohio Suit.  He also argues that, because the Ohio Suit is stayed pending this class action, there is no need for defendants or class plaintiffs to be concerned about the Ohio Suit's being maintained until this class action is concluded.

Third, Long requests that the court add the phrase "from and after the Effective Date of the Settlement Agreement" to the end of ¶¶ 4 and 5.  He posits that, otherwise, the disputed provisions could be read to apply immediately upon the issuance of judgment, and thus would preclude him from maintaining the stayed Ohio Suit pending an appeal of this case.

II

The court overrules Long's objections.  The court agrees that the words "injunction" or "enjoin" do not appear in the settlement agreement approved in *Klein IV*.  But this does not mean that the judgment cannot include an injunction as a means of enforcing the terms of the settlement.  "It is now settled that a judgment pursuant to a class settlement can bar later claims based on the allegations underlying the claims in the settled class action."  *In re Prudential Ins. Co. of Am. Sales Practice Litig.*, 261 F.3d 355, 366 (3d Cir. 2001).  In *Prudential Insurance* the Third Circuit held

that where, as here, a class action settlement agreement provides for a comprehensive release of certain claims, a district court may enjoin such litigation as an exercise of its "exclusive jurisdiction to oversee the implementation of the settlement and the judgment." *Id*. at 367.  Such a power is necessary to "protect the integrity of a complex class settlement." *Id.* at 367-68.  The panel concluded that "[a]s part of the settlement agreement class members such as the [objectors] agreed to release certain claims against Prudential.  The agreement could not have been enforced without the injunction that the [objectors] now challenge." *Id*. at 370 (holding that issuance of such injunctive relief was consistent with both the Anti-Injunction Act, 28 U.S.C. § 2283, and the All-Writs Act, 28 U.S.C. § 1651(a)).

The court holds that the injunctive relief is consistent with the settlement agreement and necessary to protect the integrity and enforcement of this complex class settlement.  As discussed in *Klein IV*, there was significant evidence presented at the fairness hearing that defendants insisted on a full release of claims covered by this class action.  Class plaintiffs' counsel "testified that the release of third-party medical providers was a key demand that defendants made from the beginning of the negotiations." *Klein IV*, 2010 WL 1435161, at *27.  Likewise, the mediator who assisted the parties in reaching the settlement averred that defendants "were adamant that they would not pay substantial

amounts of money if they would have to continue to litigate[.]" *Id.* Defendants' counsel testified that the complete release of all claims was a non-negotiable point for his clients. *Id.* at *28. In *Klein IV* the court gave weight to his testimony that "[t]he insurers were concerned that, if the release were not included, the sizeable payouts under the Settlement Agreement would fail to provide finality." *Id.* Defense counsel concluded that "the insurers believe that if the medical providers' claims are not dismissed we could be paying 110 million dollars and still have to deal with a lot of the same issues we've been dealing with for a lot of years." *Id.*

The court found that "defendants' desire to settle on terms that eliminate the risk of further liability or additional E-Ferol litigation is reasonable." *Id.* The court noted in a previous opinion in this case that, "[i]n a class action settlement setting, defendants seek and pay for global peace—i.e., the resolution of as many claims as possible." *Klein v. O'Neal, Inc.*, 2009 WL 1174638, at *3 (N.D. Tex. Apr. 29, 2009) (Fitzwater, C.J.). Defendants' willingness to settle was motivated by the fact that doing so would avoid additional lawsuits, even ones where liability was doubtful. "[E]ven if defendants could not be held liable, they might face the expenses and burdens of litigation, despite paying millions of dollars to settle with the very plaintiffs who would bring the lawsuits." *Klein IV*, 2010 WL 1435161, at *28.

Although the settlement agreement did not explicitly refer to an "injunction" as a means of effecting the release from future liability, such relief is consistent with the agreement and with the parties' presentations at the fairness hearing.   Defendants insisted on the release to avoid additional litigation.   Although without an injunction defendants would prevail against such claims, they would still be required to incur litigation costs.   And if, under the law that applies to such a lawsuit, release is an affirmative defense, *cf*. Fed. R. Civ. P. 8(c)(1) (listing release as affirmative defense), defendants would face not only the expense of a lawsuit but the burden of establishing an affirmative defense before they could secure the lawsuit's dismissal.   Their desire to purchase global peace through the settlement is founded on avoiding the costs and other burdens of further litigation.

By enjoining the filing or prosecuting of released claims, the court gives effect to the settlement's terms by relieving defendants of the potential costs of repeatedly defending new lawsuits.   In exchange for such finality, the plaintiff class receives a substantial sum in settlement.   The court holds that the necessary finality is best achieved through an injunction rather than through a liability release alone, and that injunctive relief is required to implement the terms of the settlement agreement.

Moreover, Long has not demonstrated that the injunction should not apply to a class member's "continuing" a lawsuit that is

covered by the release, or that the court should explicitly condition ¶¶ 4 and 5 on the "Effective Date" of the settlement agreement.  Both paragraphs begin with the phrase: "As provided in the Settlement Agreement," which accomplishes the goal that Long seeks to achieve through these objections.  As Long recognizes, the settlement agreement provides that it does not have force (including with respect to any releases) until the "Effective Date," which is after this class action and any appeals are finalized.  Thus, consistent with the representation of defendants in response to Long's objections, a judgment containing the proposed language would not impact Long's "continuing" Ohio Suit until that time.  The court has no reason to believe, and Long has offered none, that the terms of the release and the injunction should not immediately become effective in the Ohio Suit as of the Effective Date.  But nothing in the proposed judgment will impact Long's Ohio Suit until then, and thus Long is not prejudiced by the language to which the parties have now agreed.

*     *     *

For the foregoing reasons, Long's objections to the proposed final judgment are overruled, and the court will file today a Rule

54(b) final judgment.

       **SO ORDERED.**

       June 18, 2010.

 

                    _____
                    SIDNEY A. FITZWATER
                    CHIEF JUDGE