IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| VICTORIA KLEIN, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 7:03-CV-102-D |
| VS. | § | (Consolidated with |
| | § | Civil Action No. 7:09-CV-094-D) |
| O'NEAL, INC., d/b/a O'NEAL, | § | |
| JONES & FELDMAN | § | |
| PHARMACEUTICALS, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this class action that has been settled with court approval, the class plaintiffs move for execution and enforcement of judgment and for enforcement of relief against a non-party. The motion arises from the payment by a non-party insurer, who is in receivership, of approximately 66% of the sum that, provided it received all necessary approvals, it agreed to pay under the settlement. For the reasons that follow, the court denies the motion.

I

In a prior opinion, the court approved the settlement of this class action. *See Klein v. O'Neal, Inc.*, 705 F.Supp.2d 632, 672 (N.D. Tex. 2010) (Fitzwater, C.J.) ("*Klein IV*"). The class plaintiffs filed the instant motion after Highlands Insurance Co. ("Highlands"), a non-party insurer of defendant O'Neal, Inc. ("O'Neal"), contributed only $2,082,133.43 of the $3,150,162.53 that it agreed to pay to the settlement fund. Defendants oppose

the motion, contending that Highlands, which is in receivership, paid the lesser amount pursuant to a settlement agreement ("Sealed Agreement") involving it, Highlands, and two others, and that the settlement amount was approved by the Receivership Court.[1] The class plaintiffs make five requests of this court: (1) order the Special Deputy Receiver of Highlands' receivership ("Receiver") and O'Neal to explain why the Highlands payment is less than the amount agreed upon in the Settlement Agreement and Release ("SAR") that this court approved; (2) order the Receiver to pay the entire allocation of the settlement proceeds that the SAR allocates as Highlands' responsibility; (3) order that class plaintiffs' counsel retain the original releases that members of the plaintiff class are to execute under the SAR and not turn them over to lead defense counsel until this matter is resolved; (4) issue a turnover order requiring production of all documents—including the Sealed Agreement, which plaintiffs' class counsel believe influenced the Receiver—attesting to why Highlands failed to pay the amount to which it agreed under the SAR; and (5) order O'Neal to turn over all claims that it may have against Highlands or the Receiver to the class plaintiffs.

At a recent hearing, class plaintiffs' counsel represented to the court that they would not require defendants to produce the

---

[1]*State v. Highlands Ins. Co.*, No. D-1-GV-03-004537 (53rd Dist. Ct., Travis County, Tex.).

Sealed Agreement, and they would accept the court's *in camera* review of the documents explaining the discrepancy between what Highlands agreed to pay and what it actually paid to the settlement fund. They also represented that, if the court concluded after making an *in camera* inspection that O'Neal's policy with Highlands was exhausted, the class plaintiffs would withdraw this motion and accept the sum of $2,082,133.43 as satisfying Highlands' payment obligation under the SAR. *See also* Ps. Reply 9 (acknowledging that if court is satisfied that Highlands policy is exhausted, the class plaintiffs will withdraw their motion and no further action will be taken regarding Highlands matter). Although the appendix to the class plaintiffs' motion contains an order from the Receivership Court finding that, "[s]ubject to the terms of the [Sealed Agreement], the Highlands Policy (as that term is defined in the [Sealed] Agreement) shall be deemed exhausted in its entirety," Ps. May 16, 2011 App. Ex. D at 2,[2] the class plaintiffs contend that the order does not confirm that Highlands has fully complied with its obligations to the class plaintiffs under the SAR. They maintain that the Sealed Agreement may define terms such as

---

[2]The court is citing the class plaintiffs' appendix in this manner because they did not properly paginate it. *See* N.D. Tex. Civ. R. 7.1(i)(4) ("Each page of the appendix must be numbered legibly in the lower, right-hand corner. The first page must be numbered as '1,' and succeeding pages must be numbered sequentially through the last page of the entire appendix (*i.e.,* the numbering system must not re-start with each succeeding document in the appendix). An envelope that contains a non-documentary or oversized exhibit must be numbered as if it were a single page.").

"Highlands Policy" and "exhaustion" in such an atypical way that the language of the Receivership Court's order does not necessarily foreclose the possibility that Highlands remains obligated to pay additional funds to the class plaintiffs under the terms of the SAR.[3] The class plaintiffs request that their counsel be permitted to review the Sealed Agreement to determine whether the Highlands policy covering O'Neal's liabilities (i.e., the umbrella policy identified as No. XS 209169) has been exhausted in the sense that there is nothing remaining in the $10 million in insurance proceeds. *See* Ps. Mot. 12 (criticizing defense counsel's failure to "explain[] how the ten million dollar policy was exhausted by the payment of approximately two million dollars to the E-Ferol class settlement").

II

A

The class plaintiffs see their motion as turning on whether Highlands' payment of approximately $2 million exhausted O'Neal's $10 million insurance policy with Highlands or whether there are other receivership assets (i.e., insurance proceeds) available to provide additional funding for the settlement of this case. The court concludes, however, that the dispositive question is whether

---

[3]For example, the class plaintiffs question whether "exhaustion," as that term is defined in the Sealed Agreement, necessarily signifies that no more funds are available for Highlands to contribute toward the $3,150,162.53 allocated in the SAR as Highlands' responsibility. Ps. Mot. 12-13.

Highlands fulfilled its obligations under the SAR.

The court's power to intervene in this matter is confined to enforcing the promises to which the parties agreed under the terms of the SAR, which the court in *Klein IV* approved under Fed. R. Civ. P. 23(e)(2) as fair, reasonable, and adequate to the class, and not the product of collusion. *Klein IV*, 705 F.Supp.2d at 672. The SAR "recognize[s] that . . . Highlands is in receivership," SAR § VII(B), and it does not obligate Highlands to contribute any amount unless it receives all required approvals. The SAR provides:

> Highlands Insurance has agreed to seek all approvals required to enable it to contribute to the Settlement Proceeds; however, the Parties recognize that because Highlands is in receivership, the approvals of the Special Deputy Receiver, the Texas Department of Insurance and the supervising Receivership Court must be obtained before any contributions can be made by Highlands, and the Parties further recognize that such approvals may not be given. The Settlement Class shall not be entitled to receive any additional compensation to cover Highlands' share in the event Highlands does not receive the necessary approvals to enable it to contribute all or any part of the amount set forth in Exhibit 7 [i.e., $3,150,162.53].

*Id.* The SAR therefore obligates Highlands to seek "all approvals" required to enable it to "contribute" to the settlement fund. It does not penalize Highlands for contributing less than the amount to which it agreed if such approvals are not obtained. And it does not even require that Highlands pay the entire sum of $3,150,162.53

if the O'Neal policy is not exhausted before that entire sum is paid. Under the SAR, Highlands obligated itself to pay $3,150,162.53 and to seek all approvals required to enable it to contribute to the settlement. If it sought those approvals but did not obtain them from the Receiver and the Receivership Court, the parties recognized that the class plaintiffs might not receive "all or any part of the amount" that Highlands had agreed to pay. Accordingly, the question that the class plaintiffs see as key to resolving their motion—i.e., whether the Highlands policy has been exhausted—is inapposite. Instead, the dispositive question is whether Highlands has fulfilled its obligations under the SAR.

B

After conducting an *in camera* review of the Sealed Agreement and Highlands' obligations under the SAR, the court holds that Highlands has fulfilled its contractual obligations. O'Neal and Highlands negotiated with the Receiver to obtain approval of Highlands' contribution to the class settlement. The Receiver, acting on behalf of the Highlands receivership estate, sought approval from the Receivership Court to enable Highlands to contribute $2,082,133.43 to the settlement fund.[4] And Highlands complied with its obligation under the SAR to seek all approvals

---

[4]This is reflected in the application filed in the receivership matter to approve confidential release and settlement of claims, exhaust policy, and refer disputes to special master, which the Receivership Court approved by order filed November 8, 2010.

required to enable it to contribute to the settlement.[5]  The Receivership Court approved the payment of $2,082,133.43 (about 66% of the sum that Highlands had agreed to contribute), and it indicated in its order that any remaining limit in Policy No. XS 209169 would "be deemed exhausted in its entirety[.]"  *State v. Highlands Ins. Co.*, No. D-1-GV-03-004537 (53rd Dist. Ct., Travis County, Tex.), Nov. 8, 2010 Order 2.  Highlands therefore fully satisfied its obligation under the SAR "to seek all approvals required to enable it to contribute to [the settlement]."  The Receivership Court approved the payment of $2,082,133.43, and the class plaintiffs are "not . . . entitled to receive any additional compensation to cover Highlands' share in the event Highlands does not receive the necessary approvals to enable it to contribute all" of the sum of $3,150,162.53.  *See* SAR § VII(B).

C

This conclusion does not undermine court approval of the settlement of this class action.  The court found during a February 23, 2011 hearing that the fact that Highlands has contributed $2,082,133.43 rather than $3,150,162.53 to the settlement does not alter the finding and conclusion in *Klein IV* that the settlement is

---

[5]Contrary to the argument that the class plaintiffs assert in their reply, *see* Ps. Reply 7-9, neither the SAR nor any other contract precluded O'Neal from negotiating a resolution of Highlands' obligation under the SAR by which Highlands would pay less than the promised sum of $3,150,162.53, or required O'Neal or Highlands to object to an allocation to the class that is less than the promised sum.

fair, adequate, and reasonable to the class plaintiffs.  *See* Feb. 23, 2011 Hrg. Tr. 73:6-12.

III

Accordingly, the court denies the class plaintiffs' request that the court order the Receiver and O'Neal to explain the discrepancies between what Highlands agreed to pay under the SAR and what it in fact contributed.  The court also denies the request to order the Receiver to pay the remainder of the $3,150,162.53 specified in the SAR as Highlands' portion of the settlement fund.  The court denies as moot the request that the court order class plaintiffs' counsel to retain the original releases and not to turn them over to lead defense counsel until this matter was resolved.  The court denies the request that the court issue a turnover order requiring production of documents such as the Sealed Agreement attesting to why Highlands failed to pay the full amount contemplated in the SAR; this evidence is not necessary to determine whether Highlands complied with its obligations under the SAR.  Finally, the court denies the request that the court order O'Neal to turn over to class plaintiffs all claims that it may have against Highlands or the Receiver; Highlands has no obligations to the class plaintiffs beyond those found in the SAR, and the court has already concluded that Highlands has complied with its obligations under the SAR.

* * *

The class plaintiffs' May 16, 2011 motion for execution and enforcement of judgment and for enforcement of relief against non-party is denied.

**SO ORDERED.**

June 15, 2011.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE