IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| VICTORIA KLEIN, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 7:03-CV-102-D |
| VS. | § | (Consolidated with |
| | § | Civil Action No. 7:09-CV-094-D) |
| FEDERAL INSURANCE CO., | § | |
| a/k/a CHUBB GROUP OF | § | |
| INSURANCE COMPANIES, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

The class plaintiffs move to amend the November 9, 2012 scheduling order ("Scheduling Order") and for leave to file a fifth amended complaint. For the following reasons, the court grants the motion.

I

Because this case is the subject of several prior opinions,[1] the court will recount only the background facts and procedural history necessary to understand the present decision.

The class plaintiffs are members of a certified class of persons or the legal representatives of persons who, during the period from November 1, 1983 until April 30, 1984, were administered the vitamin E supplement E-Ferol Aqueous Solution ("E-Ferol")

---

[1]*See, e.g.*, *Klein v. Fed. Ins. Co.*, 2012 WL 2886679 (N.D. Tex. July 16, 2012) (Fitzwater, C.J.); *Klein v. O'Neal, Inc.*, 705 F.Supp.2d 632 (N.D. Tex. 2010) (Fitzwater, C.J.); *Klein v. O'Neal, Inc.*, 2009 WL 3573849 (N.D. Tex. Oct. 30, 2009) (Fitzwater, C.J.) ("*Klein II*"); *Klein v. O'Neal, Inc.*, 222 F.R.D. 564, 566 (N.D. Tex. 2004) (Buchmeyer, J.).

and died or were injured as a result. *Klein v. O'Neal, Inc.*, 705 F.Supp.2d 632, 640 (N.D. Tex. 2010) (Fitzwater, C.J.) ("*Klein III*"). In 2003 the putative class sued, among others, Carter-Glogau Laboratories, Inc. ("Carter"),[2] a division and/or subsidiary of Revco D.S., Inc. ("Revco"), alleging claims for negligence, strict liability, and negligent misrepresentation. *Klein v. Fed. Ins. Co.*, 2012 WL 2886679, at *1 (N.D. Tex. July 16, 2012) (Fitzwater, C.J.) ("*Klein IV*").

After the class was certified, *see Klein v. O'Neal, Inc.*, 222 F.R.D. 564 (N.D. Tex. 2004) (Buchmeyer, J.), defendant Federal Insurance Co. ("Federal") brought a declaratory judgment action in the Northern District of Ohio ("Ohio Action") against CVS Revco D.S., Inc. ("CVS"),[3] seeking a declaratory judgment that it had no duty to defend[4] or indemnify CVS in the E-Ferol class action under an insurance policy issued by Federal to Revco (the "Federal Policy"), the corporate predecessor of CVS. *Klein v. O'Neal*, 2009 WL 3573849, at *1 (N.D. Tex. Oct. 30, 2009) (Fitzwater C.J.). The Ohio Action was eventually transferred to this court, and, pursuant to the terms of an October 7, 2009 "Non-Waiver Agreement" ("NWA") entered into between Federal and CVS,[5] was consolidated with the instant case.

---

[2]Carter, now known as Retrac, Inc. ("Retrac"), manufactured and developed E-Ferol.

[3]In 1997 Revco merged with CVS Corporation and the new corporation was named CVS Revco D.S., Inc. *Klein IV*, 2012 WL 2886679, at *1 n.1.

[4]CVS stipulated in the Ohio Action that Federal had no duty to defend under the Federal policy. *Klein II*, 2009 WL 3573849, at *1.

[5]The NWA was entered into by the E-Ferol Class, Federal, CVS Caremark Corp., Retrac, and various other excess liability insurance carriers.

*Id.*

The NWA acknowledged that the E-Ferol Class and all defendants in the class action had reached an agreement to settle the class action, and it provided that, upon the approval of the settlement of the class action and approval of the NWA, Federal would deposit $15 million (the limits of the Federal Policy) into an interest-bearing escrow account and that the court would order that a separate trial be conducted on the question whether coverage was owed under the Federal Policy. The NWA also provided, *inter alia*, that

> [t]he CVS Class Defendants and the E-Ferol Class hereby waive any and all claims, causes of action, rights, damages or demands of whatsoever nature or kind for bad faith or extra-contractual liability damages against Federal arising from Federal's acts or omissions in connection with E-Ferol claims . . . save and except the E-Ferol Class may seek attorney's fees and costs, in addition to any funds disbursed from the Escrow Payment, for prevailing in the Consolidated Declaratory Judgment Actions.

Third Am. Compl. Ex. 2 at 8.

Over the next few months, settlement discussions ensued, resulting in a proposed settlement that resolved all claims between the class plaintiffs and defendants in exchange for lump sum payments or non-monetary relief, depending on the class member's category. *Klein III*, 705 F.Supp.2d at 642-43. The settlement was to be funded entirely by defendants' insurers. *Id*. at 642. Federal did not agree to the settlement and disputed that it had a duty to indemnify its insured, Retrac, for the class plaintiffs' claims. *Id*. The court approved the class settlement, *see id.* at 672, and, under the settlement agreement, defendants assigned to the class plaintiffs their respective rights of indemnification against Federal and the other

non-settling insurance companies, *id.* at 642.

The class plaintiffs then filed third and fourth amended complaints[6] in which they sought a judgment declaring that the excess liability insurance policies issued by the defendant insurance companies cover the liability and damages allegations by the class plaintiffs, and that these companies must indemnify the class plaintiffs, as assignees Retrac and Revco, to the full extent of the $110 million settlement, as set out in the settlement agreement. *Klein IV*, 2012 WL 2886679, at *1.[7] On August 6, 2012 Federal filed its answer to the class plaintiffs' fourth amended complaint and asserted twenty-three affirmative defenses and a five-count counterclaim.

II

The Scheduling Order required that motions for leave to amend the pleadings be filed no later than January 4, 2013. The class plaintiffs filed the instant motion on December 2, 2013. They seek leave to file a fifth amended complaint so that they can further define the issues in the case and make clear their claims with regard to attorneys' fees, which, they argue, they are expressly permitted to recover under the NWA, to make clear their claims with regard to estoppel, and to "sharpen and focus the issues actually in play so that the plaintiffs will not have to attempt to respond and answer to twenty-seven claimed defenses

[6]The class plaintiffs maintain that with regard to Federal, the claims in their third and fourth amended complaints did not change.

[7]Although the third and fourth amended complaints named other defendants, class plaintiffs have settled or dismissed their claims against all other defendants and the only remaining claims are the claims against Federal.

in response to any motion for summary judgment when, in fact, there only appear to be a few arguable defenses that Federal could raise." Ps. Br. 6. They also seek to add CVS and CVS Caremark Corp. as plaintiffs, allegedly in response to the suggestion by Federal's corporate representative, during a deposition, that CVS is a necessary party to this action.

Federal opposes the motion. It posits that the class plaintiffs cannot meet the good cause standard required by Fed. R. Civ. P. 16(b)(4), and that they have failed to address that standard or the four-part test under which the court assesses whether to amend the scheduling order. Federal contends that, even under the more liberal standard of Rule 15(a), the court should deny the class plaintiffs' motion because their reasons for seeking leave to file an amended pleading are not legitimate, and, in any event, the proposed amendments are futile.

III

A

When, as here, the deadline for seeking leave to amend pleadings has expired, a court considering a motion to amend must first determine whether to modify the scheduling order under the Rule 16(b)(4) good cause standard. *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003); *Am. Tourmaline Fields v. Int'l Paper Co.*, 1998 WL 874825, at * 1 (N.D. Tex. Dec. 7, 1998) (Fitzwater, J.). To meet the good cause standard, the party seeking to modify the scheduling order must show that, despite its diligence, it could not reasonably have met the scheduling order deadline. *See S&W Enters.*, 315 F.3d at 535. If the movant satisfies the requirements of Rule 16(b)(4), the court must next determine whether to grant leave to amend under the more liberal standard of Rule

15(a)(2), which provides that "[t]he court should freely give leave when justice so requires." Rule 15(a)(2); *see S&W Enters.*, 315 F.3d at 536; *Am. Tourmaline Fields*, 1998 WL 874825, at *1.

The court assesses four factors when deciding whether to grant an untimely motion for leave to amend under Rule 16(b)(4): "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S&W Enters.*, 315 F.3d at 536 (citation, internal quotation marks, and brackets omitted).

B

1

Although the class plaintiffs did not address the Rule 16(b)(4) standard or the four-factor test in their initial motion, they do address these factors in their reply, to which the court is granting Federal leave to file a surreply.[8] The class plaintiffs maintain, first, that Federal's answer and counterclaim have been pleaded without stating a single fact in support of Federal's broad and non-specific claims. They argue that it is impossible to proceed with summary judgment by the class plaintiffs on the pleadings in their present state, and that "filing a motion for summary judgment, given the current state of the pleadings and the

---

[8]The court grants Federal's motion for leave to file a surreply in support of its opposition to the class plaintiffs' motion for leave. Although in such circumstances the court would typically allow the class plaintiffs as the movants to file a final reply, *see Springs Industries, Inc. v. American Motorists Insurance Co.*, 137 F.R.D. 238, 239-40 (N.D. Tex. 1991) (Fitzwater, J.), it need not do so here because it is granting the class plaintiffs' motion.

refusal to concede most of the defenses by Federal, clearly disadvantage[s] the plaintiffs and will unduly and unfairly complicate plaintiffs' motion for summary judgment." Ps. Reply 8. The class plaintiffs also maintain that they have been unable to determine the extent of Federal's claim through discovery because Federal has thwarted their attempts by refusing to provide documents taken from the collection of documents known as the "E-Ferol Document Depository." The class plaintiffs took a corporate representative deposition in September 2013, in the hope that would reduce the issues involved and lessen the need for court intervention. Although the class plaintiffs were able to resolve "some issues" through this deposition, they maintain that Federal's corporate representative did not produce any documents from the E-Ferol Document Depository, but did raise other issues requiring that the class plaintiffs name CVS as a party to the litigation. *Id.* at 7.

Federal argues in its surreply that, if the class plaintiffs are unsatisfied with Federal's affirmative defenses or counterclaim, the appropriate procedural mechanisms are to file a motion to strike the affirmative defenses or a motion to dismiss or for summary judgment. Regarding the E-Ferol Document Depository, Federal maintains that if the class plaintiffs are unsatisfied with Federal's discovery responses and document production, they can file a motion to compel.[9]

[9]Federal also includes in its surreply a response to the class plaintiffs' factual assertions regarding the E-Ferol Document Depository. It maintains that it has not thwarted the class plaintiffs' discovery requests but, to the contrary, has timely responded to all discovery requests and has produced all responsive, non-privileged documents within its possession. It acknowledges, however, that these issues are "immaterial to whether Plaintiffs should be permitted to amend their Complaint." D. Surreply at 5.

The court concludes that the first factor weighs slightly in favor of amending the Scheduling Order. The "good cause" standard of Rule 16 "focuses on the diligence of the party seeking the modification to the scheduling order." *Am. Tourmaline Fields*, 1998 WL 874825, at *1. Although "[m]ere inadvertence on the part of the movant" is insufficient to constitute "good cause," *id.*, the class plaintiffs have shown that they have been diligent in pursuing discovery in this case in an apparent attempt to narrow Federal's affirmative defenses and counterclaims before moving for summary judgment. Having been unsuccessful in this approach, they are now seeking to achieve the same result through an amended complaint. Although there are likely other procedural means by which the class plaintiffs can attempt to narrow the issues before seeking summary judgment, their justification for delay in moving to amend their complaint shows more than "mere inadvertence."[10]

2

The second factor considers the importance of the amendment. The class plaintiffs argue that they are entitled under the NWA to seek attorney's fees and that they have recently determined that the allegation of certain statutory grounds (for example, bad faith) may be necessary to obtain these fees. They also contend that the amendment is important to narrow

[10]Moreover, setting aside the dispute over whether CVS is a necessary or proper party, the class plaintiffs only recently (in September 2013) became aware of the perceived need to name CVS as a party, which provides a justification for not seeking leave to amend the complaint to add CVS as a party prior to the Scheduling Order deadline.

the issues "not only for the benefit of the plaintiffs, but for the benefit of the court in dealing with what will undoubtedly be two competing motions for summary judgment." Ps. Reply 9. Finally, the class plaintiffs posit that, during the corporate representative's deposition, Federal questioned whether Revco and Retrac transferred their rights under the Federal Policy or under the Revco bankruptcy, and it is therefore necessary for CVS to be reinstated as a party to the case to respond to this defense. Without expressing any view on whether the class plaintiffs are entitled under the NWA to recover the attorney's fees that they now seek or on whether CVS is a necessary or proper party at this stage of the litigation, the court concludes that the proposed amendment is important.

3

The third factor considers potential prejudice in allowing the amendment. The class plaintiffs argue that allowing the amendment will not prejudice Federal; rather, it will narrow the issues for both parties, making "the resolution of these defenses much more manageable than proceeding with Federal's shotgun answer." *Id.* Federal posits that "allowing the amendment will cause undue prejudice to Federal at this stage of the litigation." D. Br. 11.

The court finds that Federal will not be prejudiced if the court amends the Scheduling Order to permit the class plaintiffs to file a fifth amended complaint. Although it will be necessary for Federal to file a responsive pleading, the class plaintiffs are not seeking to conduct additional discovery, and Federal has not pointed to any particular hardship that it will incur if the court permits the class plaintiffs to amend.

4

The fourth factor considers the availability of a continuance to cure any prejudice. The Scheduling Order does not set a trial date, and the class plaintiffs argue that this matter will more than likely be resolved by summary judgment; accordingly, they posit that the court could extend the deadline for filing motions for summary judgment should it be necessary. Federal does not argue that any prejudice cannot be cured by a continuance.

This case has not yet been set for trial, and motions for summary judgment are not likely to be due for several months.[11] Accordingly, the court concludes that this factor does not weigh for or against granting the class plaintiffs' motion.

5

Finally, the court considers the four factors holistically. "It does not mechanically count the number of factors that favor each side." *EEOC v. Serv. Temps, Inc.*, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.), *aff'd*, 679 F.3d 323 (5th Cir. 2012). Assessing the factors as a whole, the court holds that the class plaintiffs have met the good cause standard for modifying the Scheduling Order. Although the parties disagree over several discovery issues, including whether Federal has fulfilled its document production obligation, it is clear that the class plaintiffs have been diligent in pursuing their claims

[11]The Scheduling Order required motions for summary judgment to be filed by November 2, 2013, but the court granted the class plaintiffs' unopposed motion to modify the Scheduling Order to allow the parties until January 22, 2014 to present the court a modified pretrial scheduling order with new deadlines for filing summary judgment motions in late summer or early fall.

against Federal. They do not seek to add any new claims in the fifth amended complaint, or suggest that, if the court permits them to file a fifth amended complaint, they will require any additional discovery. Finally, summary judgment motions are not likely to be due for several months, and Federal has not shown how it will be prejudiced if the court permits the amendment.

C

The court now decides under the Rule 15(a) standard whether leave to amend should be granted. *See S&W Enters.*, 315 F.3d at 536. Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." Granting leave to amend, however, "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. Unit A July 1981)). The court may consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. *Id*. (citing cases).

Federal argues that the class plaintiffs' amendments to the fourth amended complaint are futile because, under the NWA, Federal's only potential liability is the amount in escrow and possible attorney's fees for prosecuting the declaratory judgment action. It maintains that the class plaintiffs' allegations regarding bad faith and extracontractual liability are barred by the terms of the NWA.

The court declines to deny leave to amend based on alleged futility of amendment.

As this court has frequently noted,

> the court's almost unvarying practice when futility is raised is to address the merits of the claim or defense in the context of a Rule 12(b)(6) or Rule 56 motion. The court only infrequently considers the merits of new causes of action in the context of Rule 15(a). The court prefers instead to do so in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer.

*Garcia v. Zale Corp*., 2006 WL 298156, at *1-2 (N.D. Tex. Feb. 1, 2006) (Fitzwater, J.) (quoting *Poly-Am., Inc. v. Serrot Int'l Inc*., 2002 WL 206454, at *1-2 (N.D. Tex. Feb. 7, 2002) (Fitzwater, J.)).

Having considered the class plaintiffs' motion under the standard of Rule 15(a)(2), the court concludes that it should be granted.

* * *

For the foregoing reasons, the court grants the class plaintiffs' December 2, 2013 motion for leave to file fifth amended complaint. They must file their fifth amended complaint—electronically or on paper—within 28 days of the date this memorandum opinion and order is filed.

**SO ORDERED.**

January 22, 2014.

SIDNEY A. FITZWATER
CHIEF JUDGE