IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| VICTORIA KLEIN, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 7:03-CV-102-D |
| VS. | § | (Consolidated with |
| | § | Civil Action No. 7:09-CV-094-D) |
| FEDERAL INSURANCE CO., | § | |
| a/k/a CHUBB GROUP OF | § | |
| INSURANCE COMPANIES, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

The class plaintiffs move to quash the expert report of Laura M. Plunkett, Ph.D.,

DABT ("Dr. Plunkett"), an expert witness retained by defendant Federal Insurance Co.

("Federal"). The court concludes that the motion is in some respects premature and in other

respects meritorious. Accordingly, the court grants the motion in part, and denies it in part

without prejudice.[1]

I

In part, the class plaintiffs' motion to quash is a premature *Daubert*-type[2] motion.

*See, e.g.,* Mot. to Quash at 5-7 (citing *Daubert* as legal basis for motion to quash). Federal

---

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

[2]*Daubert v. Merrell Dow Pharm., Inc*., 509 U.S. 579 (1993).

disclosed Dr. Plunkett's report on April 1, 2014.  The class plaintiffs filed this motion to quash on June 11, 2014, before Federal produced on June 20 or 23, 2014[3] certain documents cited in  Dr. Plunkett's report, and before the class plaintiffs have taken Dr. Plunkett's deposition.  Although the court does not suggest that all (or any) of Dr. Plunkett's opinions will be admissible at trial, that a *Daubert*-type motion can never be filed before an expert's deposition is taken, or that a pretrial hearing must be always be conducted before *Daubert* rulings are made, the court typically considers *Daubert*-type challenges in cases of this type after the expert's deposition has been taken, and in the context of a *Daubert*-type motion to exclude, rather than, as here, a motion to quash.  For example, it is sometimes helpful when determining whether an expert's proposed opinions are relevant or reliable to assess the opinions as they have been developed and tested at her deposition.  Additionally, in some circumstances, it is even necessary for the court to await the development of evidence at trial before it can decide whether an expert's opinion testimony is relevant or reliable.

Accordingly, to the extent the class plaintiffs' motion to quash seeks a ruling that Dr. Plunkett's opinions should be excluded under *Daubert*, Fed. R. Evid. 702, or Fed. R. Evid. 703, the court denies the motion without prejudice, as premature.

---

[3]The parties refer to two different dates in the briefing, but the difference between the two is immaterial for purposes of this decision.

II

The class plaintiffs also move to quash Dr. Plunkett's expert report on the ground that it does not comply with Fed. R. Civ. P. 26(a)(2)(B).[4]

A

The class plaintiffs maintain that Dr. Plunkett's expert report does not meet the disclosure requirements of Rule 26(a)(2)(B)(i), (ii), and (iii) because it does not disclose the facts or data that she considered or the exhibits she used to support her opinions, and that, by not providing the data, the report is not a complete statement of Dr. Plunkett's opinions because she does not name any of the witnesses or documents on which she bases her statement of facts.  The class plaintiffs complain that Federal has withheld the production of numerous documents based on a mistaken assertion of the work-product protection, and that no such protection applies to documents provided to Dr. Plunkett.

Federal responds that the class plaintiffs have failed to establish that the court should

---

[4]Rule 26(a)(2)(B) provides that the written report of a retained testifying expert must contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

impose the drastic remedy of excluding Dr. Plunkett's testimony based on a failure to provide a detailed list of the documents and materials that she relied on in drafting her report; that the class plaintiffs are relying on cases decided prior to the 2010 amendments to the Federal Rules of Civil Procedure that altered the discovery available from an expert; and that Federal has now produced the discoverable documents that were provided to Dr. Plunkett.

The class plaintiffs argue in reply that, although courts are reluctant to strike expert reports based on a failure to make timely disclosure, Dr. Plunkett's failure to include factual references in her report have prevented the class plaintiffs from rebutting statements that they know to be erroneous; Federal's unexplained failure to produce the documents appears to be part of its trial strategy that pervades the entire discovery process rather than oversight; without the factual basis for the report, they cannot properly object to Dr. Plunkett as a witness; any attempt to cure this deficiency by amending the scheduling order will further delay a long-delayed case; and the unexplained refusal to disclose the facts and data supporting Dr. Plunkett's expert report is unjustified and prejudicial and should result in striking the report.  The class plaintiffs maintain that Dr. Plunkett's report identifies what she says she "reviewed and relied upon" but not what she "considered," Ps. Reply Br. 2 (emphasis omitted); the documents provided in June 2014, 84 days after the report deadline, still do not reference or explain the documents that are listed in Appendix C to her report merely by the designation ".pdf" and a numeral, *id*.; the documents produced are not arranged numerically, chronologically, or in any other discernible order and are scattered throughout the disc on which they were produced, which is not searchable; and that Federal

has not explained why it waited until after the class plaintiffs filed their motion to quash and after the deadline for the class plaintiffs to designate a rebuttal expert to produce the specific documents cited in Dr. Plunkett's report.

B

Rule 26(a)(2)(B) provides that the report of a retained testifying expert must contain, *inter alia*, "(ii) the facts or data considered by the witness in forming [her opinions]; [and] (iii) any exhibits that will be used to summarize or support them." Rule 26(a)(2)(B). Dr. Plunkett's expert report does not specify "the facts or data" that she "considered" in forming her opinions. *See, e.g.,* Ps. Mot. to Quash App. 3 (Dr. Plunkett expert report) (referring to the "materials" that she has "reviewed and relied upon"); and 12 (stating a conclusion based on a "[r]eview of the available documents"). Facts or data "considered" could include information that Dr. Plunkett *considered* but did *not* rely on in reaching her opinions. This disclosure might serve as a basis to challenge the admissibility of her expert opinions or to impeach her testimony at trial. And Federal did not serve on the class plaintiffs until June 20 or 23, 2014 all the documents that even Federal appears to acknowledge support Dr. Plunkett's expert opinions.

Under Rule 26(a)(2)(B), the disclosures of certain expert witnesses must be accompanied by a written report that contains, *inter alia*, "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data considered by the witness in forming [the expert witness' opinions]." Rule 26(a)(2)(B). The Advisory Committee's Note to Rule 26 provides that expert witnesses "must prepare a

- 5 -

detailed and complete written report, stating the testimony the witness is expected to present during direct examination, together with the reasons therefor." Rule 26 advisory committee's note [(1993 Amendments)]. "These Notes also explain that the purpose of the reports is to avoid the disclosure of 'sketchy and vague' expert information, as was the practice under the former rule." *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996) (citing Rule 26 advisory committee's note [(1993 Amendments)]). "The purpose of a 'detailed and complete' expert report as contemplated by Rule 26(a) . . . [is to] prevent an ambush at trial." *In re Enron Corp. Secs., Derivative & "ERISA" Litig.*, 2007 WL 5023541, at *1 (S.D. Tex. Feb. 1, 2007) (quoting *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiena de P.R.*, 248 F.3d 29, 35 (1st Cir. 2001)) (some internal quotation marks omitted). "The test of a report is whether it was sufficiently complete, detailed and in compliance with the Rules so that surprise is eliminated, unnecessary depositions are avoided, and costs are reduced." *Reed v. Binder*, 165 F.R.D. 424, 429 (D.N.J. 1996) (cited in *Salgado v. Gen. Motors Corp*., 150 F.3d 735, 742 n.6 (7th Cir. 1998)).

By failing to disclose the facts or data that Dr. Plunkett considered in forming her opinions, Federal did not comply with Rule 26(a)(2)(B)(ii). And by failing to produce by the April 1, 2014 deadline all the exhibits that will be used to summarize or support Dr. Plunkett's opinions, Federal did not fully comply with Rule 26(a)(2)(B)(iii).[5]

---

[5]As noted, the class plaintiffs complain about the manner in which Federal produced the documents in June 2014 (e.g., they were not arranged numerically, chronologically, or

C

Having concluded that Federal did not comply with Rule 26(a)(2)(B)(ii) and (iii), the court now determines in its discretion whether to quash (i.e., to exclude) Dr. Plunkett's report and opinions or to impose some lesser sanction. *See generally, e.g., Sullivan v. Glock, Inc.*, 175 F.R.D. 497, 505-06 (D. Md. 1997) (Grimm, J.) (surveying cases and concluding that "[t]he net result of the analysis of these cases is that the trial court has enormous discretion in deciding whether a party's violation of the expert report rules is justified or harmless, and the result will be determined by the facts peculiar to each case."). Under the circumstances presented here, which, for example, do not involve willful disobedience of a court order or a complete failure to comply with Rule 26(a)(2)(B), the court concludes that it should impose a sanction less drastic than complete exclusion of Dr. Plunkett's expert testimony.

Accordingly, no later than 60 days after this memorandum opinion and order is filed,[6] Federal must disclose an amended report of Dr. Plunkett that fully complies with all requirements of Rule 26(a)(2)(B). Concerning compliance with Rule 26(a)(2)(B)(iii), in particular, the report must contain all exhibits that will be used to summarize or support Dr.

---

in any other discernible order and were scattered throughout the disc on which they were produced). Rule 26(a)(2)(B)(iii) requires that the report contain any exhibits that will be used to summarize or support the expert's opinions. It does not impose requirements on how the exhibits are to be produced. But depending on the circumstances of the case, it may be necessary when complying with Rule 26(a)(2)(B)(i) or (ii) for an expert witness to identify a particular exhibit when providing a complete statement of the basis of and reasons for her opinions and/or the facts or data that she considered in forming them.

[6]This somewhat extended period is justified by the intervening holidays, which typically impact the availability of counsel, clients, and witnesses.

Plunkett's expert opinions.  If Federal has already produced an exhibit, the amended report need not contain a duplicate, provided that Federal provides the class plaintiffs sufficient information that they can with reasonable effort identify any exhibit that has already been produced.  Although the class plaintiffs maintain that amending the scheduling order will not cure the prejudice to them, the court concludes that the rebuttal expert deadline must be extended.  It directs the parties to confer and propose a new date for the court's consideration.  At the request of the class plaintiffs, the new date must provide sufficient time for Dr. Plunkett's deposition to be taken before any rebuttal expert must be designated.

\*    \*    \*

Accordingly, the class plaintiffs' motion to quash is granted in part, and denied in part without prejudice.

**SO ORDERED**.

December 8, 2014.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE