IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

VICTORIA KLEIN, et al.,                    §
                                           §
                    Plaintiffs,            §
                                           § Civil Action No. 7:03-CV-102-D
VS.                                        § (Consolidated with
                                           § Civil Action No. 7:09-CV-094-D)
FEDERAL INSURANCE CO.,                     §
a/k/a CHUBB GROUP OF                       §
INSURANCE COMPANIES, et al.,               §
                                           §
                    Defendants.            §

MEMORANDUM OPINION
AND ORDER

Defendant Federal Insurance Company ("Federal") moves for an order striking the

declaration of Jack Staph, Esquire ("Staph"), or, alternatively, to depose Staph and extend

the discovery and dispositive motion deadlines for the periods necessary to enable Federal

to conduct further discovery necessitated by his statements or testimony.  Federal also moves

for an award of sanctions under Fed. R. Civ. P. 37.  For the reasons that follow, the court

denies Federal's motion to strike Staph's declaration, grants Federal's alternative request to

depose Staph and to extend the discovery and dispositive motion deadlines, and denies

Federal's motion for sanctions.

I

This discovery dispute relates to the production of Staph's declaration, which he

executed on December 18, 2013.  Staph was assistant secretary and corporate counsel to

Revco D.S., Inc. ("Revco") at the time of the 1984 recall of E-Ferol Aqueous Solution ("E-

Ferol"). He supervised sending notice to Revco's insurers, including a letter to Chub Insurance dated April 23, 1984. His declaration addresses several matters that are at issue in this case, including whether Revco gave Federal notice of the E-Ferol claims, the intentions of Ronald Carter ("R. Carter") in connection with the development of E-Ferol, and the sale of the assets of Carter-Glogau Laboratories, Inc. ("Carter"), including insurance policies and whether any liabilities were transferred.

In October 2013 the class plaintiffs served their answers and objections to Federal's first set of discovery requests. Their answers mentioned Staph only in response to defendant's Interrogatory No. 14, which requested that the class plaintiffs identify "all individuals who were involved in communicating with Federal concerning claims of injury due to E-Ferol." D. Mot. to Strike 4 (quoting Interrog. No. 14). The class plaintiffs stated that they understood that the E-Ferol Depository contains, *inter alia*, Staph's deposition.

On December 18, 2013 Staph executed his declaration. In June 2014 the class plaintiffs served their responses, answers, and objections to Federal's second set of discovery requests. Federal maintains that, although the declaration fell within the scope of three separate requests for production, the class plaintiffs neither referred to Staph nor produced his declaration. Discovery closed on October 31, 2014. On December 18, 2014,[1] following the close of discovery on October 31, 2014 and just prior to the January 15, 2015 dispositive

---

[1]There are two pertinent dates that have the same month and day but not the same year: December 18, 2013 and December 18, 2014. The references to these two dates in this memorandum opinion and order are intentional.

motion deadline, the class plaintiffs provided Federal amended and supplemental disclosures and answers to Federal's first and second sets of discovery requests, and they enclosed the declarations of Staph and R. Carter.  The amended and supplemental disclosures refer to Staph's declaration in the class plaintiffs' list of documents that may be used to support their claims or defenses (unless solely for impeachment), and they refer to his declaration and to the list of documents (which includes his declaration) in response to interrogatories and requests for production contained in Federal's first and second sets of discovery requests.

After attempting unsuccessfully to resolve the matter with counsel for the class plaintiffs, Federal filed the instant motion to strike Staph's declaration, or to depose him and extend the discovery and dispositive motion deadlines, and for sanctions.[2]  The class plaintiffs oppose the motion to strike and request for sanctions but do not oppose reopening discovery so that Federal can depose Staph.

---

[2]When Federal filed its motion on January 5, 2015, it requested an expedited ruling because of the impending January 15, 2015 dispositive motion deadline.  In a January 12, 2015 order, the court denied without prejudice the request for an expedited ruling, concluding instead that the January 15, 2015 dispositive motion deadline should be continued until 14 days after the court rules on Federal's motion to strike, and that the motion should be decided under the normal briefing rules and deadlines.  The court concludes today that the discovery deadline should be enlarged and that the dispositive motion deadline should be extended until after the amended discovery deadline.  This ruling supersedes the 14-day extension granted in the court's earlier order.

II

Federal maintains that, by failing to disclose Staph's declaration, the class plaintiffs violated the general principles and purpose of the Federal Rules of Civil Procedure that promote discovery and avoid surprise, secrecy, and trial by ambush. Citing Rule 26(a) and (e) and Rule 37(c)(1), Federal posits that Staph's declaration should be stricken because, without explanation, the class plaintiffs failed to produce the declaration until December 18, 2014, despite their obligation under Rule 26(e) to supplement their discovery responses as soon as they obtained the declaration, and their obligation to disclose the declaration in response to Federal's second set of discovery requests, which were served after the declaration was executed. Federal contends that, because of the impending dispositive motion deadline, the class plaintiffs' failure to produce the declaration at an earlier point is not harmless because Federal will not be able to depose Staph or rebut his testimony concerning Federal's three defenses. Alternatively, Federal maintains that the court should extend the discovery and dispositive motion deadlines to enable Federal to conduct discovery regarding Staph's declaration and the statements it contains. Federal moves under Rule 37(c)(1) for an award of sanctions.

The class plaintiffs oppose striking Staph's declaration and awarding sanctions, but they do not oppose reopening discovery so that Federal can depose Staph.[3] They maintain

_____

[3]The class plaintiffs state in a footnote that they intend to ask the court to reopen discovery so that they can depose a key witness who was not located until January 15, 2015. *See* Ps. Resp. 1-2 n.2 & 6 n.5. In its reply, Federal states that it will oppose such a request if and when it is made. *See* D. Reply 9-10. This issue is not before the court at this time, and

that they disclosed Staph's identity as a witness in answer to two of Federal's interrogatories that were part of its first set of discovery requests, that Staph was available to either side for interview and information, and that they served supplemental discovery responses on December 18, 2014 that included the Staph declaration. The class plaintiffs also contend that Staph practices law in the Cleveland area, where defense counsel also office; that the class plaintiffs advised Federal that they did not oppose Federal's contacting Staph (whom they maintain is a third-party witness who is available to either side); that Federal's counsel has not indicated that Staph has been contacted or that his testimony would differ from the content of his declaration; and that the class plaintiffs have offered, albeit unsuccessfully, to consent to Staph's deposition and the extension of the discovery and dispositive motion deadlines if they could also take the deposition of another witness whom they have just now located.[4]  The class plaintiffs contend that they were not required to produce Staph's declaration because it is a third-party witness statement and is protected attorney work product; Federal will not be prejudiced if the court declines to strike Staph's declaration because it can contact Staph to see if he has useful information, and depose him; Federal's tenth defense fails on the merits without Staph's evidence; Staph's declarations about the recall of E-Ferol and R. Carter do not unduly burden or surprise Federal because his statements are based on his position as assistant secretary and general counsel of Revco and

---

the court suggests no view on the matter other than that the parties should make every reasonable effort to resolve this dispute by agreement.

[4]*See supra* note 3.

- 5 -

are virtually the same as made by other, previously disclosed witnesses whose depositions were taken in E-Ferol cases for which Federal, as a liability insurer, was the real party in interest, and whose depositions are contained in the E-Ferol depository; and the Staph declaration does not unduly burden or surprise Federal regarding the merits of its third defense.

Federal replies that the class plaintiffs were obligated to disclose the Staph declaration in response to Federal's discovery requests; that they failed to comply with their duty under Rule 26(e) to supplement their discovery responses and produce the declaration within a reasonable time after they obtained it; and that their assertion that the declaration is protected attorney work product is baseless and without merit, and the cases on which they rely are distinguishable.

III

A

For purposes of deciding this motion, the court will assume *arguendo* that the class plaintiffs should have disclosed the Staph declaration through a timely supplementation under Rule 26(e)(1)(A) or in response to a discovery request served on them by Federal after Staph executed his declaration on December 18, 2013, i.e., that his declaration was not protected attorney work product.  Even so, the court concludes that the motion to strike should be denied because their failure by the class plaintiffs to disclose the declaration before December 18, 2014 is harmless.

Rule 37(c)(1) provides, in pertinent part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Accordingly, "Rule 37(c)(1) thus does not require witness preclusion for untimely disclosure if missing the deadline is harmless." *Rowland v. Am. Gen. Fin., Inc.*, 340 F.3d 187, 196 (4th Cir. 2003). "The district court has broad discretion in deciding whether a Rule 26(a) violation is substantially justified or harmless." *Sea Side Villas II Horizontal Prop. Regime v. Single Source Roofing Corp.*, 64 Fed. Appx. 367, 372 (4th Cir. 2003) (citing *Mid-America Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir. 1996)).

> In evaluating whether a violation of Rule 26 is harmless, the court examines four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose.

*Hoffman v. L & M Arts*, 2013 WL 81578, at *2 (N.D. Tex. Jan. 8, 2013) (Fitzwater, C.J.) (citing *Librado v. M.S. Carriers, Inc.*, 2004 WL 1490304, at *11 (N.D.Tex. June 30, 2004) (Fitzwater, J.)); *accord, e.g., Viera v. Signature Contracting Servs., LLC*, 2014 WL 2893208, at *1 (N.D. Tex. June 26, 2014) (Horan, J.). "The court considers the four-factor test holistically. It does not mechanically count the number of factors that favor each side." *Hoffman*, 2013 WL 81578, at *3 n.7 (quoting *EEOC v. Serv. Temps, Inc.*, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.), *aff'd*, 679 F.3d 323 (5th Cir. 2012))

(citations and internal quotation marks omitted).

B

1

The first factor the court considers is the importance of the evidence.  The evidence is important because it is probative at least with respect to the fact question whether Revco notified Federal of the E-Ferol claims.   The importance of  Staph's declaration is corroborated by Federal's motion to strike this evidence.  It is reasonable to assume that Federal would not have moved to strike proof that it deemed unimportant or inconsequential to the merits of the litigation.

2

Under the second factor, the court evaluates the prejudice to the opposing party of including the evidence.  The court concludes that Federal will not be prejudiced because the court can extend the discovery and dispositive motion deadlines to enable Federal to depose Staph and conduct other discovery that it can show stems from his deposition testimony and the content of his declaration.

This court has distinguished *complete failures* to disclose from *untimely* disclosures. As the court explained in *Hoffman*:

> The court is not persuaded that defendants will be prejudiced if the court fails to strike the Supplemental Report.  In the sense relevant here, prejudice arises, if at all, from the *timing* of the disclosure rather than from the *content* of the disclosure.  If prejudice could be demonstrated based on the *content* of the disclosure, a party could always show prejudice when required to rebut new evidence.  The *timing* of the disclosure results in

- 8 -

> prejudice when, for instance, the opposing party must incur unreasonable additional costs that could have been avoided by an earlier disclosure, or the party is precluded under the scheduling order from developing and presenting rebuttal evidence.  Defendants have not shown that they must incur unreasonable additional costs that could have been avoided by an earlier disclosure.

*Hoffman*, 2013 WL 81578, at *2.  As in *Hoffman*, Federal has not shown that it must incur unreasonable additional costs that could have been avoided by earlier disclosure.  Indeed, it is reasonable to assume that the costs that will be incurred are largely the same: those associated with taking Staph's deposition and pursuing any other discovery that Federal can show stems from his deposition testimony and the content of his declaration.  And Federal will not be precluded under the scheduling order from developing and presenting rebuttal evidence because, and the court explains next, it can and will enlarge both the discovery and motion deadlines to ameliorate any prejudice to Federal.

3

Under the third factor, the court considers the possibility of curing such prejudice by granting a continuance.  The court can cure any prejudice to Federal by enlarging the discovery and motion deadlines, which it does *infra* at § IV.

4

The court evaluates under the fourth factor the explanation for the class plaintiffs' failure to disclose the Staph declaration.  The class plaintiffs maintain that the declaration is a sworn witness statement that was protected from disclosure as attorney work product.  Although the court does not decide today whether this position is correct, it is not an

unreasonable position considering the cases that the class plaintiffs cite in their response brief.

5

Finally, the court considers the factors holistically.  In sum, the class plaintiffs seek to rely on important evidence; Federal has not shown that it must incur unreasonable additional costs that could have been avoided by an earlier disclosure; Federal can depose the declarant and obtain further discovery that it can show stems from the declarant's deposition testimony or his declaration; and the class plaintiffs did not unreasonably rely on the attorney work-product protection when they opted not to disclose the declaration before they actually did.  In these circumstances, the court finds that any failure to comply with a requirement that they disclose the Staph declaration sooner is harmless.

C

The court denies Federal's motion to strike, and it grants Federal's alternative motion to extend the discovery and dispositive motion deadlines for the periods necessary to enable Federal to conduct further discovery necessitated by Staph's deposition testimony or the content of his declaration.  The court denies Federal's motion for sanctions, concluding that such an award is unwarranted under the circumstances.

IV

For the reasons explained, the court grants Federal's alternative motion to extend the discovery and dispositive motion deadlines for the periods necessary to enable Federal to depose Staph and to conduct further discovery that it can show stems from his deposition

testimony or his declaration.  The court directs counsel for the class plaintiffs and Federal to confer[5] and propose an order that (1) establishes a new discovery deadline, prior to which Federal can depose Staph and conduct any other discovery—which may involve other witnesses and forms of discovery—that it can show stems from his deposition testimony or his declaration, and (2) establishes a new deadline for filing dispositive motions—which the court suggests should probably be set at 30 days after the discovery deadline.

\*    \*    \*

For the reasons stated, the court denies Federal's motion to strike Staph's declaration, grants Federal's alternative request to depose Staph and to extend the discovery and dispositive motion deadlines, and denies Federal's motion for sanctions.

**SO ORDERED**.

April 6, 2015.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

---

[5]The court observes that, in a number of key respects, counsel have worked professionally and cooperatively in this case.

- 11 -