IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| VICTORIA KLEIN, et al., | § |
| | § |
| Plaintiffs, | § |
| | § Civil Action No. 7:03-CV-102-D |
| VS. | § (Consolidated with |
| | § Civil Action No. 7:09-CV-094-D) |
| FEDERAL INSURANCE CO., | § |
| a/k/a CHUBB GROUP OF | § |
| INSURANCE COMPANIES, et al., | § |
| | § |
| Defendants. | § |

MEMORANDUM OPINION
AND ORDER

The class plaintiffs move to reopen discovery and modify pretrial schedule deadlines so that they can take at least three new depositions and briefly re-depose defendant's Fed. R. Civ. P. 30(b)(6) corporate representative. Defendant Federal Insurance Company ("Federal") opposes the motion. Concluding that the class plaintiffs have satisfied the Rule 16(b)(4) good cause standard to modify the scheduling order and conduct the requested depositions, the court grants the motion.[1]

I

The class plaintiffs seek to depose Peggy Smoler (now known as Peggy Schecter) ("Schecter"), Jacqueline Barone (now known as Jacqueline Sarantonio) ("Sarantonio"), and

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

Dennis Annecchino ("Annecchino"), and to briefly re-depose Steven Jakubowski ("Jakubowski"), Federal's Rule 30(b)(6) corporate representative. Depending on the deposition testimony of Schecter and Annecchino, the class plaintiffs also seek to depose William "Bill" Brick ("Brick") and/or Fred Schmidt ("Schmidt").

The testimony of the new witnesses is pertinent to the fact question whether Federal (Chubb Insurance) received notice of E-Ferol claims in the form of an April 23, 1984 letter from Revco D.S., Inc. Federal denies that it received this notice because it has not located a copy of the letter in its files or the files of any of its divisions, subsidiaries, or affiliated companies. The class plaintiffs maintain that the testimony of the new witnesses will bear directly on whether Federal received the April 23, 1984 letter, which they contend is one of the most important issues in this litigation. The class plaintiffs posit that there is good cause to amend the scheduling order to enable them to conduct these depositions because they have diligently sought to find Schecter, Sarantonio, and Annecchino and have only recently located them, and because each witness is important to a vital fact that the class plaintiffs seek to prove: that Federal received the same notice as did all of Revco's other insurers, and that, if Ohio law applies, Federal was not prejudiced by late notice.

Regarding Jakubowski, the class plaintiffs seek to briefly re-depose him for essentially two reasons. First, they maintain that they asked Federal, in interrogatories, and Jakubowski, at his deposition, for address and contact information for Schecter, Sarantonio, and Annecchino, and Federal denied having any knowledge of their whereabouts. They asked Jakubowski to check the pension and personnel records of Chubb and Chubb-related entities

for information that counsel for the class plaintiffs could use to locate these witnesses. Federal later notified them by letter that it had no such knowledge, and Federal has never updated its interrogatory answers or Jakubowski's deposition testimony. The class plaintiffs seek to question Jakubowski to determine whether Federal was merely lackadaisical or uninterested in locating these witnesses, or intentionally attempted to prevent the class plaintiffs from finding this information and locating the witnesses.

Second, the class plaintiffs seek to re-depose Jakubowski about a letter and its attachments. They maintain that he was asked at his deposition about an April 16, 1984 letter that Federal produced from Chubb files that was partly illegible. Attached to the letter were documents (identified as Exhibits 15a, 15b, 15d, and 15e) that contained several 1984 news articles concerning E-Ferol. When asked about this by class counsel, Jakubowski testified, in pertinent part, that the documents were too incomplete to qualify as a notice of claim. The class plaintiffs contend that, after Jakubowski's deposition, they subpoenaed certain documents from CVS, and the documents CVS produced included completely legible copies of Exhibits 15a, 15b, 15d, and 15e. The class plaintiffs seek to question Jakubowski using the legible versions of the documents that CVS produced. They ask that the Jakubowski deposition take place after the depositions of Schecter, Sarantonio, and Annecchino so that they will have Federal's position on the notice after any additional evidence is produced by these witnesses.

In their motion, the class plaintiffs explain in detail why each witness' testimony is

important, and they identify the areas of inquiry that they seek to pursue with each witness. They also address why they contend that Federal would not be prejudiced by granting the requested relief.[2]

Federal contends that the court should deny the motion because the class plaintiffs had sufficient time to conduct discovery about Federal's late notice defense and depose each of these individuals before discovery closed; they have known for several years about the April 23, 1984 letter and the individuals they seek to depose, and they should not be permitted to re-depose Jakubowski. Federal cites portions of the discovery record that reflect that Federal denied receiving the April 23, 1984 notice letter because it could not locate a copy in its files; that the class plaintiffs, at the very latest, were aware of Annecchino and Schecter and the April 23, 1984 letter more than two years before the discovery deadline; that Annecchino and Sarantonio are identified in the April 23, 1984 letter, which the class plaintiffs already had when they filed their complaint; that when Jakubowski was deposed on September 13, 2013, Schecter, Sarantonio, Annecchino, Brick, and Schmidt were all discussed; that, ten months before the close of discovery, the class plaintiffs obtained the declaration of Jack Staph, Esquire ("Staph"), which addresses many of the issues in this case and relates, *inter alia*, to the issue of late notice; that when counsel for the class plaintiffs communicated with Federal's counsel about the dispute regarding the Staph declaration, he essentially opposed an extension of the deadline for filing summary judgment motions, forcing Federal to obtain

---

[2]As the court explains below, it disagrees with the class plaintiffs' position on the prejudice factor.

relief from the court; that when the court granted Federal's alternative request to extend the discovery deadline so that Staph could be deposed (and any related discovery could be completed), it did not reopen discovery generally; and that the class plaintiffs are requesting an extension of the discovery deadline to allow them to conduct six additional depositions, despite the absence of developments or any changes concerning the April 23, 1984 letter and Federal's late notice defense, and the fact that the class plaintiffs have known about these individuals for several years and did not seek to depose them until now.

## II

Rule 16(b)(4) governs a party's request to extend the discovery period after the deadline established by a scheduling order has elapsed. *Cartier v. Egana of Switz. (Am.) Corp.*, 2009 WL 614820, at *2 (N.D. Tex. Mar. 11, 2009) (Fitzwater, C.J.). To modify the scheduling order, a party must demonstrate good cause and obtain the judge's consent. *Id.* The good cause standard "require[s] the movant 'to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Puig v. Citibank, N.A.*, 514 Fed. Appx. 483, 487-88 (5th Cir. 2013) (per curiam) (quoting *S & W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003)). "In determining whether the movant has met its burden under Rule 16(b)(4), the court considers four factors: (1) the party's explanation, (2) the importance of the requested relief, (3) potential prejudice in granting the relief, and (4) the availability of a continuance to cure such prejudice." *Cartier*, 2009 WL 614820, at *3 (citing *S & W Enters.*, 315 F.3d at 536). The court considers the four factors holistically and "does not mechanically count the number

- 5 -

of factors that favor each side." *EEOC v. Serv. Temps., Inc.*, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.), *aff'd*, 679 F.3d 323 (5th Cir. 2012).

### III

### A

The court turns first to the class plaintiffs' diligence and their explanation for not conducting the requested discovery before the court-ordered deadline.

The class plaintiffs have explained in their motion in detail why they only recently located the three new witnesses, and why they desire to re-depose Jakubowski after they located the witnesses on their own and after CVS produced legible copies of the exhibits to the April 16, 1984 letter.  The assertions of their motion are supported by the evidence on which they rely.  Additionally, the court's assessment of their diligence in this specific context is informed by the overall track record of diligence that counsel for the class plaintiffs have compiled in this multi-year, complex litigation.  It is a record developed from the time they began representing the putative class, through the processes of class certification and settlement of the class action, through the sometimes complex administration of settlement proceeds to individual class members, to the instant insurance litigation.  Moreover, it is appropriate to take into account the unusual and exceptional nature of this case and the difficulties that have arisen due to the complex nature of the underlying proceedings, and to the substantial time that elapsed between when E-Ferol was recalled and insurance claims were made, and when this insurance litigation commenced.  And it is noteworthy that the class plaintiffs sought unsuccessfully to obtain these witnesses' contact

information from Federal, including at the Rule 30(b)(6) deposition of Jakubowski on September 13, 2013, well before the October 31, 2014 discovery deadline.  In sum, this is an unusual case in which, despite the diligence of the class plaintiffs, they were unable to locate these witnesses.

B

The relief that the class plaintiffs seek is very important.  They are attempting to obtain testimony that relates to a key defense on which Federal relies, and that, based on the identities of the witnesses and the nature of their potential knowledge, appears to be highly probative concerning the merits of that defense.[3]

Although Federal purports in its response to challenge the importance of the requested relief, it relies on flawed reasoning.  Federal maintains that the class plaintiffs have not sufficiently demonstrated the importance of the information because, although they are correct that, if the court finds that Ohio law applies, they would have the burden of proving timely receipt of notice and lack of harm, this is a not a new development in Ohio law. Federal contends that the class plaintiffs have known for several years that Ohio law places

---

[3]In a footnote in Federal's response brief, it contends that "Federal has repeatedly stated that it searched its files and it simply has no record of receiving the letter. Class Plaintiffs, however, continue to unnecessarily and inappropriately raise the issue and waste the parties' and the Court's time." D. Br. 3 n.5.  But Federal continues to rely on the defense of lack of notice—asserting as its third defense that the class plaintiffs' claims are barred to the extent the insured has not provided timely notice to Federal.  In response to requests for admissions, Federal has denied that it received the April 23, 1984 letter.  Unless Federal withdraws this defense and removes the notice issue from the case, the class plaintiffs must be prepared to address it in response to a summary judgment motion and/or at trial.

the burden of proof on the insured to prove that notice was given within a reasonable time; they have known that if the court finds notice to be untimely, the insured bears the burden under Ohio law of proving that the insurer was not harmed; and they have been aware of the law for years and have had sufficient time to conduct discovery related to these issues.  These are not reasons to conclude that the relief is not important; if anything, they are reasons to find that the class plaintiffs did not act diligently (i.e., the first factor), a premise that the court has already resolved in favor of the class plaintiffs.

## C

The third factor considers the potential prejudice in granting the relief, and the fourth factor assesses the availability of a continuance to cure such prejudice.

The class plaintiffs maintain that Federal will not be prejudiced.  Federal counters that it will, because it will be very costly for Federal to prepare for and attend these additional, unnecessary depositions; subjecting Jakubowski to another deposition would be unduly burdensome; the parties' time and resources would be better spent proceeding with the adjudication of the case; and Federal will be prejudiced by continued delay.

The court agrees with Federal that it will incur some prejudice in the form of additional expenses and delay if these depositions are allowed.  The court also agrees that a continuance will not cure this prejudice.  The case is not yet set for trial, so there is no trial date to continue.  And a continuance of the summary judgment motion deadline would not ameliorate prejudice incurred due to increased costs and delay.  The court will take these factors—which favor Federal's position—into account when assessing all four factors

- 8 -

holistically.

## D

Considering the factors holistically, the court finds that there is good cause to amend the scheduling order so that the class plaintiffs can depose Schecter, Sarantonio, and Annecchino, re-depose Jakubowski, and perhaps depose Brick and Schmidt. The discovery the class plaintiffs seek is very important. It relates to a key defense, and, as the court finds above, the identities of the witnesses and the nature of their potential knowledge suggest that their testimony will be highly probative on this issue. The class plaintiffs were diligent in attempting to locate these witnesses. Their explanation for why they did not locate them until recently is reasonable. They should be permitted to develop this evidence now that they have found these witnesses. And they should be permitted to re-depose Jakubowski on the matters they have identified.

Although Federal will incur prejudice due to the additional costs and delay, the court is not persuaded that the nature or extent of such prejudice is sufficient in the specific circumstances of this case to deny the class plaintiffs the discovery they seek. As the court has explained, this is an unusual and exceptional case in which, despite the diligence of the class plaintiffs, they were unable until recently to locate these key witnesses on an issue that is very important to the adjudication of this case. And the class plaintiffs should be able to re-depose Jakubowski about Federal's efforts to find and disclose pertinent information concerning the whereabouts of Schecter, Sarantonio, and Annecchino, and using the legible documents that CVS produced.

IV

Due to the logistics involved in taking these depositions, including the availability of counsel and the witnesses and the variable concerning whether the depositions of Brick and Schmidt will also be necessary,[4] the court deems it advisable to direct that counsel confer and propose a procedure and schedule that will permit this discovery to be completed within a reasonable time, and sets a new deadline for filing summary judgment motions.  Unless counsel reasonably need additional time, the court directs that this proposal be filed no later than 28 days after this memorandum opinion and order is filed.

\*     \*     \*

Accordingly, for the reasons explained, the court grants the class plaintiffs' motion to reopen discovery and modify pretrial schedule deadlines.

**SO ORDERED**.

October 29, 2015.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

---

[4]The court assumes that the parties will reasonably confer about whether either or both of these depositions are necessary before seeking relief from the court.

- 10 -