IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| VICTORIA KLEIN and ASHLEY SWADLEY, Plaintiffs, | § § § § | |
| VS. | § § | |
| O'NEAL, INC., d/b/a O'NEAL, JONES & FELDMAN PHARMACEUTICALS, CVS CAREMARK, as a Successor to CVS REVCO D.S., INC., as a Successor to REVCO D.S., INC., and to RETRAC, INC., f/k/a Carter-Glogau Laboratories, Inc., Defendants, | § § § § § § § § | CA 7-03-CV-102-D |
| VS. | § § | |
| FEDERAL INSURANCE CO., a/k/a CHUBB GROUP OF INSURANCE COMPANIES; Defendants. | § § § § § | |

**CLASS PLAINTIFFS' MOTION FOR ATTORNEY'S FEES, EXPENSES OF LITIGATION, AND COMPENSATION FOR CLASS REPRESENTATIVES, PURSUANT TO RULES 23(h) and 54(d)(2), FED. R. CIV. P, FROM THE INSURANCE PROCEEDS AWARDED TO THE E-FEROL CLASS BY JUDGMENT OF THE U.S. DISTRICT COURT OF THE NORTHERN DISTRICT OF TEXAS, ON DECEMBER 2, 2016 AND AFFIRMED BY THE FIFTH CIRCUIT COURT OF APPEALS ON MARCH 12, 2018**

TO:  THE HONORABLE SIDNEY A. FITZWATER,
     SENIOR JUDGE, UNITED STATES DISTRICT COURT
     FOR THE NORTHERN DISTRICT OF TEXAS:

COME NOW, VICTORIA KLEIN and ASHLEY SWADLEY, plaintiffs, individually and as the class representatives of the E-Ferol class action, and move the court to award reasonable attorney's fees, expenses of litigation (nontaxable costs), and compensation for class representatives from the insurance proceeds held in escrow and awarded to the E-Ferol class by judgment of the U.S. District Court for the Northern District of Texas, on December 2, 2016, *Klein v. Federal,* 220 F.Supp.3d 747 (N.D. Mar. 12 2018). The United States Court of Appeals affirmed the district court judgment, *Klein v. Federal,* 714

Fed. Appx. 441 (5th Cir. 2018). Pursuant to Fed. R. Civ. P. 23(h) and 54(d)(2), class plaintiffs would respectfully show the court as follows:

1.

**CERTIFICATE (OPPOSED MOTION)**

Since this motion includes a request for attorneys' fees in a class action, Rule 23(h), Fed. R. Civ. P., requires notice to all class members and is thus, a contested motion.

**CERTIFICATE OF CONFERENCE**

A conference was held on December 3, 2018, with Dawn S. Walker, of Akin Gump Strauss Hauer & Feld, LLP, who has replaced Barry Chasnoff as lead counsel for Defendants O'Neal, Inc., and CVS Caremark, *et al.*, on the merits of this motion. Ms. Walker advised that her client had no objection to this motion. Thus, this motion is submitted to the court for a determination.

2.

On February 16th and 17th, 2010, the United States District Court for the Northern District of Texas conducted a fairness hearing, pursuant to Fed. R. Civ. P. 23(e) and (h), to determine whether the proposed settlement of the E-Ferol class action was fair, reasonable, and adequate to all class members. Following two days of testimony, introduction of numerous exhibits, and the argument of counsel, and briefing by all parties, Chief United States District Judge Sidney A. Fitzwater issued a Memorandum Opinion, on April 9, 2010, finding that the proposed settlement was fair, adequate, and reasonable. The district court also approved attorneys' fees and expenses. *Klein v. O'Neal*, 705 F.Supp.2d 632 (N.D. Tex. 2010) (Fitzwater, C.J.) (*"Klein III"*). The court's opinion is located on the E-Ferol class action website, www.eferolclassaction.com, and also on the PACER system, www.pacer.gov. (Pacer doc. no. 426)

On June 18, 2010, the district court entered final judgment in this cause, subject to further litigation as may be required in connection with three (3) non-participating insurers as described in the Settlement Agreement and Release (Pacer doc. no. 306-2).

Following the entry of judgment, one class member filed a notice of appeal which was resolved by settlement with the appealing class member. The district court approved that settlement on November 19, 2010 (Pacer doc. no. 475). Following a resolution of Medicare/Medicaid issues, the district court directed class counsel to distribute the settlement proceeds from the participating insurers, beginning on July 18, 2011 (Pacer doc. no. 523). The distribution of those proceeds was completed by January 18, 2013.

**3.**

Following the settlement, litigation proceeded with the three non-participating insurance carriers, who had refused to fund the settlement, Mission Insurance Co., International Insurance Co., n/k/a Westchester Fire Insurance Co., and Federal Insurance Co., a wholly-owned subsidiary of the Chub Corporation.

**(a) Mission Insurance Company**

Mission Insurance Co. had been in receivership in the State of California since 1985. The Superior Court for the County of Los Angeles supervised the insolvency and addressed all questions covering the administration of the receivership. Class plaintiffs moved to have the receiver, the California Commissioner of Insurance, reopen for E-Ferol recipients, on equitable grounds, deadlines for filing claims that had required a written submission be filed by late 1988, arguing that the E-Ferol recipients were four years-old at the time and their parents were unaware of their child's receipt of E-Ferol. The commissioner declined to reopen the deadlines. The denial was upheld in the receivership action by the Superior Court for the County of Los Angeles on March 25, 2013.

**(b) Westchester Fire Insurance Company**

In mid-2014, a settlement was reached with Westchester Fire Insurance Co., *f/k/a* International Insurance Co., and approved by this court following a Rule 23(e)(h) fairness hearing on September 19, 2014. Distribution of most of these funds was completed in 2015. However, location of some class members has proven to be more problematic than the original distribution as described in class plaintiffs' motion to amend the E-Ferol settlement agreement.

**(c) Federal Insurance Company**

After seven (7) years of extensive litigation with Federal Insurance Company that required six published opinions by the district court, both sides submitted motions for summary judgment upon which this court heard oral argument on September 9, 2016. On December 2, 2016, this court issued its Memorandum Opinion and Order (Pacer doc. no. 834) granting class plaintiffs' motion for summary judgment on the question of insurance coverage awarding class plaintiffs the entire policy limit of $15 million. This court denied Federal's motion for summary judgment. *Klein v. Federal,* 220 F.Supp.3d 747 (N.D. Tex. 2016) (Fitzwater, J.). Federal then appealed. On March 7, 2018, lead class counsel, Art Brender, presented oral argument before the United States Court of Appeals for the Fifth Circuit, in New Orleans, Louisiana. Five days later, on March 12, 2018, the Fifth Circuit issued its opinion affirming judgment for class plaintiffs based on the Memorandum Opinion and Judgment of this court. 714 Fed. Appx. 441 (5th Cir. 2018). On October 18, 2018, this court granted class plaintiffs' motion for summary judgment which required Federal Insurance Co. to pay post-judgment interest in the sum of $157,217.50. *Klein v. Federal Insurance Co.*, 2018 WL. 5084888 (N.D. Tex. Oct. 18, 2018) (Fitzwater, S.J.). Federal declined to appeal and paid the post-judgment interest.

Pursuant to this court's ruling in *Klein v. O'Neal, Inc.*, 705 F.Supp.2d 632, 681 (N.D. Tex. 2010) (Fitzwater, C.J.) ("Klein III"), class counsel did not seek to obtain an attorney's fee for the settlement amounts assessed against the non-participating insurers unless class counsel succeeded in the litigation with those insurers. *Id.* At p. 681, n. 44.

Class counsel now seeks an award of attorney's fees from the Federal Insurance Co.'s liability insurance proceeds of $15 million plus accrued pre-judgment and post-judgment interest at the same thirty percent (30%) rate of recovery as they did in the initial settlement and in the subsequent settlement with Westchester. In addition, class counsel seek the recovery of litigation and distribution expenses and compensation for class representatives.

4.

## ATTORNEY'S FEES

Class plaintiffs request the award of attorney's fees pursuant to Fed. R. Civ. P. 23(h) and 54(d), based upon the creation of a common benefit fund, in this common law negligence and product liability case. *See,* class plaintiff's initial motion for attorney's fees, expenses, and costs, compensation for class representatives and administrative costs. (Pacer doc. nos. 328, 329, 330, filed 12/28/09 and 12/29/09) This court approved the class plaintiffs' request, assessing attorney's fees based on a percentage of the common benefit fund at thirty percent (30%) of the funds recovered from the participating insurers. The court found that the fee was fair and reasonable to the class. ("*Klein III*" at 672-83) Class counsel did not request a fee for any sums that were allocated to the non-participating insurers, reserving the right to file a supplemental request contingent upon the recovery of funds from those insurers. ("*Klein III*" at 681, n.44) (Memorandum Opinion and Order, Pacer doc. no. 834, filed 12/02/16, pp. 42-43)

Class counsel diligently pursued all three non-participating insurers and although unsuccessful in pursuing Mission, have succeeded in obtaining a settlement with Westchester Fire Insurance Co. f/k/a International Insurance Co. (hereinafter "Westchester") and now have succeed in the coverage litigation against Federal Insurance Co. Thus, class plaintiffs seek the recovery of the same percentage fee sought from the participating insurers by applying the same percentage to the common fund created by the judgment awarded against non-participating insurer, Federal Insurance Co. Class plaintiffs also seek reimbursement for their reasonable and necessary litigation expenses from this fund.

The Federal insurance proceeds and accrued interest paid to the E-Ferol class action trust account at Cadence Bank following the affirmance of Judge Fitzwater's judgment did not include post-judgment

interest which Federal refused to pay. Consequently, class counsel filed a motion for summary judgment to require Federal to pay post-judgment interest. On October 18, 2018, Judge Fitzwater rendered judgment for $157,217.50 in post-judgment interest which Federal has now paid. *Klein v. Federal Insurance Co.*, 2018 WL 5084888 (N.D. Tex. Oct. 18, 2018) (Fitzwater, S.J.). Thus, the total recovery from Federal subject to distribute is the sum of $15,204,876.45.

5.

Class plaintiffs include by reference in this motion, the evidence in their previously filed motion for award of reasonable attorney's fees filed prior to, and heard at, the fairness hearing (Pacer doc. no. 328), including the declaration of lead class counsel, Art Brender (Pacer doc. no. 328-2); declaration of class counsel, Dwain Dent (Pacer doc. no. 328-8); declaration of class counsel, Fred Streck (Pacer doc. no. 328-9); and the fee sharing agreement approved by all three class counsel (Pacer doc. no. 328-5). Class plaintiffs also offer, by reference, the testimony presented at the fairness hearing by Professor Jim Underwood, of Baylor Law School, and Professor Charles Silver, of the University of Texas Law School on the fairness and reasonableness of the award of attorneys' fees and compliance with the *Johnson* factors. *See*, "*Klein III*," pp. 672-82; transcript of Fairness Hearing, Professor Underwood (Pacer doc. no. 444), vol. 1, pp. 231-67; Professor Silver (Pacer doc. no. 445), vol. 2, pp. 64-119.

6.

The class plaintiffs request that the district court award a fee based on the creation of a common benefit fund. *See*, *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478, 100 S.Ct. 745, 62 L.Ed.2d 676 (1980); "*Klein III*" at 673. This court approved the use of the percentage method of determining reasonable attorney's fees where there was a creation of a common fund without a fee shifting statute, despite the fact that the law in the Fifth Circuit at the time was "unclear." *Id*. at 674. The district court applied a "*Johnson v. Georgia Highway Express*" check to the percentage fee to determine the reasonableness of the fee. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974); "*Klein III*" at 673-76. Since the district court's decision in 2010, the Fifth Circuit, although still not explicitly endorsing the percentage method of assessing fees in common fund cases, has nevertheless been, ". . . amenable to its

use, so long as the *Johnson* framework is utilized to ensure that the fee award is reasonable." *Union Asset Mgn. Holding, A.G. v. Dell, Inc.*, 669 F.3d 632, 642-646 (5th Cir. 2012). The Fifth Circuit, in *Union Asset*, specifically cited with approval, this court's opinion in *"Klein III"* as an example of district courts in the circuit regularly using the percentage method "blended with a *Johnson* reasonableness check." *Id.* at 643, *citing*, *Klein v. O'Neal, Inc.*, 705 F.Supp.2d 632 (N.D. Tex. 2010) (Fitzwater, C.J.), at n.30.

The considerations in this litigation that were present at the initial fairness hearing are the same as those that apply to this additional recovery and therefore, class plaintiffs adopt the evidence and argument heretofore presented to the court in the combined fairness and attorney's fee hearing in this request for an attorney's fee from this judgment. Since the effort and difficulty in obtaining the original settlement was a part of the *Johnson* check, there is no difference in the continuation of this litigation by class counsel in order to collect the additional sums from the three non-participating insurers.

Class counsel have attached hereto their declarations that attest to the efforts and time required over the past seven (7) years in order to obtain this additional settlement. See, Brender Declaration, Exhibit A; Dent Declaration, Exhibit B; and Streck Declaration, Exhibit C. Also attached to the declarations of class counsel are the requests for reimbursement of expenses of litigation, including costs of distribution. As stated in the declarations, considerable time and effort were expended by class counsel following the approval of the class settlement in pursuit of the non-participating insurers as set out in class counsel's declarations.

Thus, the only factor remaining for the court to consider in applying the *Johnson* check with regard to the Federal judgment is to ensure that the fee request is reasonable given the time and effort reported by counsel in the successful litigation. Class counsel's declarations attest to the time and considerable effort in terms of the discovery of evidence and witnesses to events that occurred over thirty years ago that was necessary in order to obtain the evidence needed to prevail in this coverage dispute with Federal.

The declarations of lead class counsel, Art Brender, and those of class counsel, Dwain Dent and Fred L. Streck, III, attest to the effort and expenditure of the time necessary to prevail in this coverage dispute such as to justify the percentage fee requested by class counsel.

Class counsel have reached an agreement as to the division of attorneys' fees which was approved by the court in *"Klein III."* Class counsel again asks that the court approve that agreement for this settlement. *"Klein III"* at 681, n.44.[1]

Thus, class counsel request the following attorneys' fees at the rate of 30% of the total recovery from Federal Insurance Company of $15,204,876.45 as follows: lead class counsel, Art Brender, $2,052,658.32; class counsel, Dwain Dent, $1,824,585.18; and class counsel, Fred Streck, $684,219.44.

7.

As set out in their respective declarations, lead counsel, Art Brender, has expended $98,807.35; class counsel, Dwain Dent, $125,339.25; and class counsel, Fred Streck, $6,485.52, in litigation expenses. Each has attested to the reasonableness and necessity of incurring these expenses on behalf of the class.

8.

Class plaintiffs also request an award of $35,000.00 each to class representatives, Victoria Klein and Ashley Swadley, for their time and effort over the past four and one-half years as class representatives.

9.

The administrative fund of approximately $300,000.00 remains, but class counsel believe additional funds are needed to administer and complete the final distribution of the funds subject to this judgment. Thus, class representatives request an additional $200,000.00 to complete the distribution and the final report of the distribution. Any remaining funds would be included in the distribution of unpaid funds pursuant to the Settlement Agreement and Release.

---

[1] The agreement which the court approved in *"Klein III"* was lead counsel, Art Brender, 45%; class counsel, Dwain Dent, 40%; and class counsel, Fred Streck, 15%. *Id.* at 681.

WHEREFORE, PREMISES CONSIDERED, the class plaintiffs pray that the court grant this motion for reasonable attorney's fees for class counsel, reasonable and necessary expenses of litigation and a reasonable fee of $35,000.00 each for class representatives, Victoria Klein and Ashley Swadley, for the reasons set out in this motion.

        Respectfully submitted,

        / S / -- Art Brender
        _____
        ART BRENDER
        State Bar No. 02954500

        THE BRENDER LAW FIRM
        600 Eighth Avenue
        Fort Worth, Texas 76104
        (817) 334-0171, telephone
        (817) 334-0274, telecopier
        e-mail:  mainoffice@brenderlawfirm.com

        LEAD CLASS COUNSEL:

        / S / -- Dwain Dent
        _____
        DWAIN DENT
        State Bar No. 05760550

        THE DENT LAW FIRM
        1120 Penn Street
        Fort Worth, Texas 76102
        (817) 332-2889, telephone
        (817) 332-5809, telecopier
        e-mail: thedentlawfirm@cs.com

        / S / -- Fred L. Streck, III
        _____
        FRED L. STRECK, III
        State Bar No. 19374350

        STRECK & DAVIS LAW
        555 S. Summit Ave.
        Fort Worth, Texas 76104
        (817) 332-3117, telephone
        (817) 549-8898, telecopier
        e-mail:  fred.streck@streckdavislaw.com

        CLASS COUNSEL

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 10th day of December, 2018, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means and pursuant to the Federal Rules of Civil Procedure:

Dawn S. Walker
Akin Gump Strauss Hauer & Feld, LLP
300 Convent St., Suite 1500
San Antonio, Texas 78205

David Taylor
Thompson Coe
Plaza of the Americas
700 N. Pearl Street, 25th Fl.
Dallas, Texas 75201-2832
ATTORNEYS FOR FORMER DEFENDANTS,
O'NEAL, CVS REVCO D.S., INC. AND RETRAC, INC.

                          / S / -- *Art Brender*
                        _____
                        ART BRENDER