IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| VICTORIA KLEIN and<br>ASHLEY SWADLEY,<br>　　　　Plaintiffs,<br><br>VS.<br><br>O'NEAL, INC., d/b/a O'NEAL, JONES &<br>FELDMAN PHARMACEUTICALS,<br>CVS CAREMARK, as a Successor to<br>CVS REVCO D.S., INC., as a Successor to<br>REVCO D.S., INC., and to RETRAC, INC.,<br>f/k/a Carter-Glogau Laboratories, Inc.,<br>　　　　Defendants,<br><br>VS.<br><br>FEDERAL INSURANCE CO.,<br>a/k/a CHUBB GROUP OF INSURANCE<br>COMPANIES;<br>　　　　Defendants. | §§§§§§§§§§§§§§§§§§§§ | CA 7:03-CV-102-D |

**CLASS ACTION NOTICE OF MOTIONS TO APPROVE
ATTORNEYS' FEES, NON-TAXABLE EXPENSES OF LITIGATION,
COMPENSATION FOR CLASS REPRESENTATIVES,
AND AN AMENDMENT TO PARAGRAPH VI.(F)
OF THE E-FEROL CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE,
PURSUANT TO RULES 23(e) and (h) and 54(d)(2), FED. R. CIV. P.**

# ATTENTION:

THIS NOTICE IS GIVEN TO EACH CLASS MEMBER OF THE E-FEROL CLASS ACTION OF THE FILING AND HEARING TO CONSIDER THE FOLLOWING MOTIONS IN THE E-FEROL CLASS ACTION: (1) MOTION FOR AWARD OF ATTORNEYS' FEES, EXPENSES OF LITIGATION, AND COMPENSATION FOR CLASS REPRESENTATIVES; AND (2) MOTION TO AMEND PARAGRAPH VI.(F) OF THE E-FEROL SETTLEMENT AGREEMENT AND RELEASE

This Notice is given to E-Ferol class members of the conclusion of the litigation to recover the insurance proceeds from the three insurance carriers (the non-participating carriers) who refused to fund their part of the E-Ferol class settlement as described in the Notice. E-Ferol class counsel have pursued these companies as set out in this Notice for over seven (7) years. **On March 12, 2018, the final chapter of this litigation was concluded against Federal Insurance Company**


EXHIBIT A

when the United States Court of Appeals for the Fifth Circuit affirmed the judgment rendered by Judge Fitzwater on December 2, 2016, awarding the entire proceeds of the Federal policy to the E-Ferol class. *Klein v. Federal insurance Co.*, 220 F.Supp.3d 747, *affirmed*, 714 Fed. Appx., 441 (5th Cir. 2018). These opinions are on the E-Ferol class action website (www.eferolclassaction.com). On October 16, 2018, Judge Fitzwater ruled that Federal owed post-judgment interest and Federal has not appealed that decision and paid all principal and interest to the E-Ferol class action trust account. **Thus, all litigation to obtain the settlement approved by the federal district court in 2010 has concluded. Following the hearing on the motions described in this notice (and assuming no class member appeals), class counsel will proceed as quickly as possible to conclude this final distribution.**

## THIS IS THE <u>FINAL</u> DISTRIBUTION OF PROCEEDS IN THE E-FEROL CLASS ACTION

Your Legal Rights May be Affected by this Notice.
Please Read It Carefully.

### I.

### THE E-FEROL CLASS ACTION SETTLEMENT

The E-Ferol class action was filed in the United States District Court for the Northern District of Texas, Wichita Falls Division, on May 29, 2003. The case was certified as a class on May 11, 2004. On February 16th and 17th, 2010, Chief United States District Court Judge, Sidney Fitzwater, conducted a fairness hearing, pursuant to Fed. R. Civ. P. 23(e) and (h), to determine whether the proposed settlement of the E-Ferol class action was fair, reasonable, and adequate to all class members. Following two days of testimony, introduction of numerous exhibits, and the argument of counsel, and briefing by all parties, Chief Judge Fitzwater issued a Memorandum Opinion, on April 9, 2010, finding that the proposed settlement was fair, adequate, and reasonable. The court also approved attorneys' fees and expenses. *Klein v. O'Neal*, 705 F.Supp.2d 632 (N.D. Tex. 2010) (Fitzwater, C.J.) (*"Klein III"*). The court's opinion is located on the E-Ferol class action website, www.eferolclassaction.com.

On June 18, 2010, the district court entered final judgment in this cause, subject to further litigation as may be required in connection with three (3) non-participating insurers as described in the Settlement Agreement and Release (Pacer doc. no. 306-2).

Following the entry of judgment, one class member filed a notice of appeal which was resolved by settlement with the appealing class member. The district court approved that settlement on November 19, 2010 (Pacer doc. no. 475). Following a resolution of Medicare/Medicaid issues, the district court directed class counsel to distribute the settlement proceeds from the participating insurers, beginning on July 18, 2011 (Pacer doc. no. 523). The distribution of those proceeds was completed by January 18, 2013.

## II.
## POST SETTLEMENT LITIGATION
### The Non-Participating Insurance Companies

The initial settlement fund distribution, which began in July 2011, did not include approximately $20 million of the total settlement amount of $110 million settlement which was insured by the three non-participating insurance companies who insured Revco D.S., Inc. and Carter-Glogau Laboratories, Inc., n/k/a Retrac, Inc., the manufacturer of E-Ferol. At the time E-Ferol was marketed Carter-Glogau was a wholly owned subsidiary of drugstore chain Revco D.S., Inc. These insurance companies, described in the Settlement Agreement and Release as non-participating insurance companies, included Mission Insurance Co., International Insurance Co., n/k/a Westchester Fire Insurance Co. and Federal Insurance Co.

### A.
### Mission Insurance Co.

Mission Insurance Co. had become insolvent and was placed in receivership by the Los Angeles Superior Court of the State of California on October 31, 1985. Insurance companies are not covered by the federal bankruptcy laws and when they become insolvent, they are taken over and placed in receivership in the state in which the insurance company has its home office. The State of California oversaw and, thus, administered the Mission receivership through the California Commissioner of Insurance, pursuant to California insurance insolvency laws. California insurance insolvency laws do not provide for tolling of any of the required deadlines for submitting a claim because of minority or any other disability.

Despite the fact that no E-Ferol recipient had filed a claim within the court-ordered deadline in 1988, class counsel petitioned the California Superior Court for the County of Los Angeles who oversees the Mission receivership requesting, on equitable grounds, that E-Ferol class members be allowed to file their claims, despite not having filed a claim within the deadline at a time when E-Ferol recipients were toddlers and their parents unaware of their receipt of E-Ferol. On March 25, 2013, the Superior Court denied class plaintiffs' petition to be allowed to intervene in the trust administered by the Commissioner of Insurance and consequently, no recovery was obtained from Mission.

### B.
### Westchester Fire Insurance Co.

Following notice to each class member, on September 19, 2014, the United States District Court for the Northern District of Texas conducted a second fairness hearing and approved the settlement with Westchester Fire Insurance Co., *f/k/a* International Insurance Co. of approximately $2 million. Class members were awarded the same proportionate share of that settlement fund as they received from the initial settlement.

## C.
## Federal Insurance Co.

As the last of the non-participating insurance carriers, Federal Insurance Co.'s excess liability policy insured Revco D.S., Inc. and its wholly-owned subsidiary, Carter-Glogau Laboratories, Inc., the manufacturer of E-Ferol. In an agreement, known as the Non-Waiver Agreement, Federal placed its $15 million policy limit in escrow subject to a decision by the federal district court on whether the Federal policy covered the liability of Revco and its subsidiary for injuries and death due to E-Ferol. In 2016, both Federal and class plaintiffs filed motions for summary judgment both claiming that the coverage dispute could be resolved as a matter of law without the necessity of a determination of fact issues by a jury. On September 9, 2016, Judge Sidney A. Fitzwater, of the United States District Court for the Northern District of Texas, who has presided over the class action for almost 15 years, heard oral argument on both motions for summary judgment. On December 2, 2016, Judge Fitzwater issued his Memorandum Opinion, Order and Judgment granting class plaintiffs' motion for summary judgment on the question of insurance coverage and denying Federal's motion for summary judgment. Federal promptly appealed. *Klein v. Federal Insurance Co.*, 220 F.Supp.3d 747 (N.D. Tex. 2010) (Fitzwater, J.).

On March 7, 2018, lead class counsel, Art Brender, presented oral argument on behalf of the E-Ferol class before the U.S. Court of Appeals for the Fifth Circuit in New Orleans, Louisiana. On March 12, 2018, the Court of Appeals affirmed Judge Fitzwater's judgment awarding the insurance proceeds from the Federal insurance policy to class plaintiffs. *Klein v. Federal Insurance Co.*, 714 Fed. Appx. 441 (5th Cir. 2018).

Federal then paid the proceeds of its policy, together with accrued pre-judgment interest to class plaintiffs' trust account. Federal, however, refused to pay the post-judgment interest that accrued during the fourteen (14) months the case was on appeal. Class counsel then filed a motion to compel payment with Judge Fitzwater who issued a judgment on October 18, 2018, awarding the class $157,217.00 in post judgment interest. *Klein v. Federal Insurance Co.*, 2018 WL 5084888 (N.D. Tex. Oct. 18, 2018) (Fitzwater, S.J.). Federal advised class counsel on November 2, 2018 that it would not appeal. The post-judgment interest was also placed into the E-Ferol class action trust account. Thus, the total recovery from Federal is the sum of $15,204,876.45.

## III.

### WHAT THE JUDGMENT WILL MEAN FOR YOU

*This litigation completes the litigation against the non-participating insurance companies and thus, this notice is for the final distribution of funds in the E-Ferol class action.* **Each E-Ferol class member will receive the same percentage of the funds according to the category to which each class member was previously assigned and approved by the district court in 2010, less the proportionate share of attorney's fees, litigation and distribution expenses, and compensation to class representatives.**[1]

---

[1] Proceeds are distributed to each E-Ferol recipient within each category as in the previous distribution. Surviving heirs will receive that portion of the settlement amount allocated to a deceased recipient as required in the Settlement Agreement and Release, and pursuant to the order of the probate court with authority over the deceased's estate.

## IV.
## ATTORNEYS' FEES REQUEST

1. The judgment and accrued interest are subject to an award of attorneys' fees, litigation and distribution expenses (non-taxable costs), and compensation to class representatives to be determined by U.S. District Judge Sidney A. Fitzwater at the Hearing on the date and time set out in **paragraph VIII.** of this notice. The E-Ferol Class claims are based on common law causes of action, *i.e.*, negligence; negligent misrepresentation; and product liability. There is no fee shifting statute involved in this judgment.

2. Class counsel base their claim for attorneys' fees on the creation of a common benefit fund. *See, Trustee v. Greenough*, 105 U.S. 527, (1882); *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161 (1939); *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-59, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478, 100 S.Ct. 745, 62 L.Ed.2d 676 (1980); *Union Asset Mgmnt. Holding, A.G. v. Dell, Inc.*, 669 F.3d 632, 642-46 (5th Cir. 2012) (*citing*, with approval, Judge Fitzwater's opinion on attorneys' fees, in *Klein v. O'Neal, Inc. ("Klein III"), supra*, p. 643, fn. 30.

3. Class counsel did not receive a fee or other compensation from the original settlement for any recovery from these three non-participating insurance companies, including Federal. *See,* Memorandum Opinion and Order, 220 F.Supp.3d at 771. Consequently, class counsel are requesting an attorneys' fee in the same percentage, thirty percent (30%), as determined by the court to be fair, reasonable, and necessary in the initial settlement and in the settlement with Westchester.

4. Class counsel will request of an attorney's fee of $2,052,658.32 to lead class counsel, Art Brender; $1,824,585.18 to class counsel, Dwain Dent, and $684,219.44 to class counsel, Fred Streck. In addition, lead class counsel, Art Brender, will request a litigation expense reimbursement of $98,807.35; class counsel, Dwain Dent, $125,339.25; and class counsel, Fred Streck, $6,485.52. The litigation expenses represent the costs of administering the settlement fund, including costs and expenses of travel, postage, and express charges, employee time, and other expenses incurred in litigation with the non-participating insurance carriers. All documents relevant to this fee request, including Class Plaintiffs' Motion Pursuant to Rules 23(h) and 54(d)(2), Fed. R. Civ. P., for Award of Attorneys' Fees, Expenses of Litigation, and Compensation for Class Representatives, will be filed with the U.S. District Court Clerk, 1000 Lamar St., Room 203, Wichita Falls, Texas 76301, and will also be posted on the E-Ferol Class Action website www.eferolclassaction.com and on the Pacer system.

5. Class counsel have also requested compensation of $35,000.00 each for class representatives, Victoria Klein and Ashley Swadley, for their efforts on behalf of the class during the years following the initial recovery and in connection with the decisions made on behalf of the class in the Federal litigation.

6. Class counsel have requested an additional $200,000.00 be added to the administrative fund to be used in administering this judgment and providing a final report to the district court.

7. The administration expense will be used to pay for expenses of the E-Ferol class action trust account with Cadence Bank, travel, postage, express charges, employee time and other expenses necessary to the distribution of the settlement fund. The administrative fund will also be used, if necessary, to advance legal fees to local attorneys where class members have probate and trust matters necessary to the distribution of the settlement fund and are financially unable to pay the costs prior to distribution. All such advances will be reimbursed by the class member to the administrative fund when the distribution is made to the class member. At the conclusion of all litigation and after the approval of all expenditures from the administrative fund by the district court, any remaining funds will be distributed pursuant to the Settlement Agreement and Release and any amendments thereto, approved by the district court. Class representatives are requesting that any funds that are not able to be distributed to a class member following reasonable efforts to locate the class member be distributed to a charity who sponsors medical research or provides other services to premature infants. This is subject to the approval of Judge Fitzwater.

8. Class counsel's request for reasonable attorney's fee and litigation expenses incurred in pursuit of the litigation on behalf of the E-Ferol Class, is consistent with the *Manual for Complex Litigation* §§ 21.7 and 14.12 (4th ed. 2009).

9. There has been no discussion or any agreement between plaintiffs' class counsel and defendants' counsel concerning attorneys' fees. The only provision with regard to attorneys' fees is that the funds to be distributed from the escrow account includes any and all attorneys' fees and expenses, including court costs.

10. The request for attorneys' fee is subject to approval by the District Court. Any class member may object to any portion of the proposed motion for award of attorneys' fees and costs and compensation of class representatives.

11. Class counsel have agreed upon a distribution of attorneys' fees among counsel as follows:

| | |
|---|---|
| Lead Counsel – Art Brender | 45% |
| Class Counsel – Dwain Dent | 40% |
| Class Counsel – Fred L. Streck, III | 15% |

V.

## AMENDMENT OF SETTLEMENT AGREEMENT AND RELEASE, PARAGRAPH VI.(F) "DISBURSEMENT OF UNPAID FUNDS" TO ALLOW *CY PRES* DISTRIBUTION OF UNPAID SETTLEMENT FUNDS

Under paragraph VI.(F), of the E-Ferol Class Action Settlement Agreement and Release, styled "Disbursement of Unpaid Funds," any E-Ferol settlement funds not distributed, including any waiver of settlement proceeds by a class member, or any failure by a class member to sign and

return the release and/or W-9 form, or any class member unable to be located despite reasonable efforts by class counsel are considered to have been waived and those proceeds are to be distributed pro rata to the class members who have complied with the terms of the agreement. While the funds for the initial distribution were distributed within the eighteen months as set out in the Settlement Agreement and Release, the subsequent distribution of the Westchester settlement is continuing to take place. Despite diligent efforts by class counsel, a number of class members in the Westchester settlement have not completed and returned the required release and W-9 or are unable to be located despite considerable effort and expense by class counsel.

Consequently, class representatives have proposed an amendment to the Settlement Agreement and Release, subject to the approval of the district court, that would require that all distributions, except those involved in litigation or administrative delays due to probate, special needs trust, or some other event which the district court finds should excuse the strict application of this requirement, be completed within six (6) months of the earliest distribution made of the remaining funds and within ninety (90) days of the first contact with a class member after approval of this provision. After the expiration of six (6) months, should there be any unclaimed funds remaining, class counsel will file a report with the district court, advising the court of the efforts made to locate and/or obtain compliance from the class members who have not received their distribution. If the district court finds that reasonable efforts to locate these class members have failed; or that a class member has waived his or her distribution; or that a class member has failed to cooperate with the requirements of the Settlement Agreement and Release, the court will find that the distribution to such class member has lapsed and will order any remaining funds not used for administrative expenses necessary in completing the settlement, be donated to a charity selected by the district court that is compliant with Internal Revenue Code 501(c)(3) and whose charitable efforts are consistent with the underlying litigation, such as funding medical research in the area of disorders of premature infants. The district court will consider this motion at the hearing set out in paragraph VIII.

## VI.

## AGREEMENT WITH MOTIONS

**IF YOU AGREE WITH THE MOTION FOR AWARD OF ATTORNEYS' FEES, EXPENSES, AND COMPENSATION TO CLASS REPRESENTATIVES, AND WITH THE PROPOSED AMENDMENT OF THE SETTLEMENT AGREEMENT AND RELEASE THEN:**

**YOU DO NOT NEED TO TAKE ANY ACTION WHATSOEVER**
**You will received your settlement proceeds as promptly as possible following the expiration of thirty (30) days after the district court rules upon these motions.[2]**

---

[2] Assuming there are no appeals to the court's ruling.

## VII.

## OBJECTION TO MOTION(S)

If you object to the motion for award for attorneys' fees, expenses, and compensation to class representatives, and/or the amendment of the Settlement Agreement and Release, you must submit your objection in writing and your objection must be received by the clerk of the court at the address below no later than February 19, 2019, at 5:00 p.m. CST. You must address your objection to the Clerk of this Court, U.S. Courthouse, 1000 Lamar St., Room 203, Wichita Falls, Texas 76301 and send a copy of your objection to lead counsel for the E-Ferol class, Art Brender, the Brender Law firm, 600 8th Ave., Fort Worth, Texas 76104; and to lead counsel for the defendants, Dawn S. Walker, of Akin, Gump, Strauss, Hauer, & Feld, LLP, 112 E. Pecan Street, Suite 1010, San Antonio, Texas 78205-1512.

If you object to either or both motions and you wish to appear in person to argue your objection(s) or have an attorney appear on your behalf, either you or your attorney must, at least ten (10) days before the above deadline, submit a written notice of your intention to appear in person to the clerk of this court at the above address with a copy of your notice served on lead class counsel and lead defense counsel. Any oral presentation at the hearing will be limited to the issues raised and timely submitted in writing as set out above.

By not objecting to either motion, you will waive any right to object and to appeal from approval of attorneys' fees, expenses, and compensation to class representatives, and amendment of the Settlement Agreement and Release or to challenge any other matter related in any way to the attorneys' fees, expenses, and compensation to class representatives, and amendment of the Settlement Agreement and Release.

## VIII.

## QUESTIONS

**DO NOT CONTACT THE COURT OR COURT CLERK** with questions about these motions.

Any class member who has a question concerning the motion for award of attorneys' fees, expenses, and compensation to class representatives, and/or amendment of the Settlement Agreement and Release should contact class counsel listed below, by telephone, e-mail, or facsimile.

|  | **E-FEROL CLASS COUNSEL** |
|---|---|
| Lead Class Counsel | Art Brender |
|  | State Bar No. 02954500 |
|  | The Brender Law Firm |
|  | 600 Eighth Ave. |
|  | Fort Worth, Texas 76104 |
|  | (817) 334-0171, telephone |
|  | (817) 334-0274, telecopier |

e-mail: mainoffice@brenderlawfirm.com

| | | |
|---|---|---|
| Class Counsel | Dwain Dent<br>State Bar No. 05760500 | Fred L. Streck, III<br>State Bar No. 19374350 |
| | The Dent Law Firm<br>1120 Penn Street<br>Fort Worth, Texas 76102<br>(817) 332-2889, telephone<br>(817) 332-5809, telecopier<br>(1-800) 245-3368, toll free<br>e-mail: thedentlawfirm@cs.com | STRECK & DAVIS LAW<br>555 S. Summit Ave.<br>Fort Worth, Texas 76104<br>(817) 332-3117, telephone<br>(817) 549-8898, telecopier<br>e-mail: fred.streck@streckdavislaw.com |

The hearing on any objection to the motion for award of attorneys' fees, litigation expenses, and compensation to class representatives, and/or amendment of the Settlement Agreement and Release will be held on the 1st day of March, 2019, at 2:00 p.m., before the Hon. Sidney A. Fitzwater, Senior Judge, U.S. District Court for the Northern District of Texas, U.S. Courthouse, 1100 Commerce St., Room 1525, Dallas, Texas. The hearing will be held pursuant to the Federal Rules of Civil Procedure, Rules 23(e) and (h) and 54(d), and is for the purpose of determining whether the attorneys' fees, expenses, compensation to class representatives, and amendment of the Settlement Agreement and Release are fair, reasonable, and adequate to the E-Ferol class as a whole and whether the request of class counsel for attorneys' fees, and litigation expenses is reasonable and necessary. **The court will not consider any other matter nor will the court reconsider any matter pertaining to the E-Ferol class action.**

**IF THE COURT APPROVES THE ATTORNEYS' FEES, EXPENSES, COMPENSATION TO CLASS REPRESENTATIVES, AND/OR AMENDMENT OF THE SETTLEMENT AGREEMENT AND RELEASE, YOU WILL BE CONTACTED ABOUT THE DISBURSEMENT OF SETTLEMENT FUNDS BY CLASS COUNSEL ONCE FINAL JUDGMENT HAS BEEN ENTERED. THE JUDGMENT WILL NOT BE FINAL AND DISTRIBUTION CANNOT COMMENCE UNTIL THIRTY (30) DAYS AFTER THE DISTRICT COURT HAS ENTERED AN ORDER AND JUDGMENT.[3]**

Signed on this the 12th day of Dec, 2018.

Teena Timmons, Deputy in Charge
UNITED STATES DISTRICT COURT
for the Northern District of Texas
1000 Lamar St., Room 203
Wichita Falls, Texas 76301

---

[3] This assumes there is no appeal.